BARTHOLOMEW FETES, Respondent, *v.* ADELAIDE VOLMER *et al.*, Appellants.

*Supreme Court, Fifth Department, General Term, December 30,1889.*

1. *Service. Publication.*—The affidavit to procure an order for service by publication must show the inability of the plaintiff, with due diligence, to make personal service of the summons, and proof of non-residence does not obviate such necessity.
2. *Same.*—Where the direction in the order in respect to mailing does not follow the affidavit, a personal service out of the state is invalid.
3. *Judgment. Partition.*—A judgment in partition, void, as to one, is void as to every, party.
4. *Judicial sale. Purchaser.*—A purchaser at a judicial sale will not be required to accept a defective title.

Appeal from an interlocutory judgment in partition entered on the report of a referee, and from an order confirming such report.

*Joel L. Walker*, for appellants.

*Giles E. Stilwell*, for respondent.

DWIGHT, J.—We are met at the outset of the inquiry on this appeal by a question of jurisdiction. It is objected that two of the persons named as parties defendant, both of whom were necessary parties to the action, have never been

served with the summons therein and have not appeared in the action.

The complaint alleged that Peter Fetes was the owner of an undivided one-sixth part of the real estate therein described, and of which partition was sought, and that Mary Fetes, his wife, was the owner of an inchoate right of dower in the same one-sixth. Peter and Mary Fetes were non-residents of the state, and order of publication was procured from the county judge of the county where the action was triable. Under that order the plaintiff claims to have made personal service of the summons and complaint on the two defendants named, without the state. The regularity and validity of that order are in question. There are, we think, two fatal objections to the order; one of them relating to the proofs upon which it was obtained, the other to the terms of the order itself.

The statute, Code of Civil Procedure, §§ 438 and 439, prescribes the cases in which an order directing the service of a summons without the state or by publication may be made and the proofs requisite to give jurisdiction to the judge to make the order. In § 438, sub. 1, it names, among others, the case of a non-resident defendant, and in subdivision 5 the case of an action affecting the title to specific real property within the state. Section 439 requires, as foundation for the order, a verified complaint showing a cause of action against the defendant to be served, and " proof by affidavit of the additional facts required by the last section, and, also, where the application is made upon the ground that the defendant is * * * a non-resident of the state or in a case specified in subdivision * * * fifth * * * of the last section, that the plaintiff has been or will be unable with due diligence to make personal service of the summons."

Section 440 prescribes the requisites of the order to be made. It must direct that service of the summons be made by its publication in the manner specified, or, at the option

of the plaintiff, by service of the summons and a copy of the complaint, without the state, on the defendant personally; and it must also contain a direction for a deposit in the post-office of copies of the same papers directed to the defendant at a place specified in the order, unless the judge is satisfied that a place where the defendant would probably receive papers transmitted through the post-office cannot, with reasonable dilligence, be ascertained. Of course the specification of the order in this respect must be of a place shown by the affidavit to be either that of the defendant's residence or at which he would probably receive matter transmitted through the post-office; for by no other means can the judge be informed of the place at which a defendant should be addressed.

Both the affidavit and the order in this case seem to be materially defective. The affidavit does not conform to the positive requirement of the statute that it must show that the plaintiff has been or will be unable, with due diligence, to make personal service of the summons. The proof of non-residence does not obviate the necessity of the further proof in question, because it is precisely in case of non-residence that such futher proof is required. Section 439, *supra*.

The reason of the requirement is obvious. Though a non-resident, the defendant may be at the time temporarily in the state to the knowledge of the plaintiff, and within easy reach of personal service of the summons. No such proof was made by the plaintiff in this case. The affidavit of his attorney, upon which the order was procured, states only that the action has been commenced, that a summons has been issued, and that the two defendants named are non-residents of the state, and that they reside at Marion, Washington county, Iowa. The affidavit was in this respect plainly insufficient and the county judge was without jurisdiction to grant the order. Campbell *v* Taylor, 9 W. Dig. 14; Carleton *v*. Carleton, 85 N. Y. 313; Kennedy *v*. N. Y. Life Ins. & Trust Co., 101 Id. 487.

The order made was also defective in its direction for mailing the copies of the summons and complaint. As we have seen, the affidavit showed that the defendants resided at Marion, Washington county, Iowa, and named no other place at which they would probably receive matter transmitted through the post-office. The direction of the order was to mail the papers to Washington, Iowa. Had the plaintiff elected to make service of the summons by publication he could not have made a valid service under this order; and it makes no difference that he elected to make personal service out of the state. Such service is of no validity except by virtue of the order of publication, and that order must be in all respects in compliance with the statute to authorize service in either of the modes provided. Ritten *v.* Griffith, 16 Hun, 454; Weil *v.* Martin, 24 Id. 645, 647.

We think that, upon both of the grounds indicated, the attempted personal service on the two defendants named, out of the state, was nugatory and gave no jurisdiction to the court to adjudicate the rights of those defendants in the lands of which partition is sought to be made.

Such being the case, there could be no judgment in the action. In partition every person necessarily made a party to the action must be bound by the judgment or it is void as to all. Courts will not compel a purchaser at a judicial sale to accept a defective title, nor compel owners to submit to a depreciation of the value of their property because good title cannot be made. Smith *v.* Wells, 69 N. Y. 600. The two defendants named were necessary parties to the action, Code Civ. Pro., § 1538, and until they were brought in by service of process the court could not render judgment therein.

Several other questions of much interest are presented by this appeal relating both to the practice in the action and to its merits, but since, for the reasons stated, none of them can be now adjudicated in such manner as to bind all the necessary parties to the action, we do not feel warranted to express any opinion thereon.

For the reasons stated the interlocutory judgment and the order appealed from must be reversed.

Interlocutory judgment and order appealed from reversed, with costs to the appellants to abide the final award of costs.

BARKER, P. J., and MACOMBER. J., concur.