KENNEDY et al. v. ARTHUR et al.

(*Supreme Court, Special Term, New York County.* July 8, 1890.)

1. SERVICE OF PROCESS—ORDER OF PUBLICATION.

Code Civil Proc. N. Y. § 440, provides that an order for the service of summons by publication must direct service on defendant "to be made by publication in two newspapers, * * * or at the option of the plaintiff by service of the summons, and of a copy of the complaint and order, without the state, upon the defendant personally. * * * It must also contain either a direction that, on or before the day of the first publication, the plaintiff deposit in a specified post-office * * * copies of the summons, complaint, and order, * * * or a statement that the judge * * * dispenses with the deposit of any papers" in the post-office. *Held*, that the order for publication need not contain the provision as to mailing, where plaintiff intends to serve the summons personally without the state, but not to publish it.

2. INFANCY—GUARDIAN AD LITEM.

In an action for partition, a guardian *ad litem* for the infant parties was appointed on plaintiff's motion after the infant's right to plead had expired. There was no proof of service on the guardian *ad litem*, or appearance by him until he consented to the entry of interlocutory judgment. The order appointing him did not fix the amount of the bond, as required by Code Civil Proc. N. Y. § 1536, which

provides that such bond cannot be dispensed with. After entry of the interlocutory judgment, the guardian asked leave to file his consent and a bond, which was granted; but the order did not fix the amount of the bond, or the number of the sureties, as required by said section 1536. *Held*, that such proceedings were not binding on the infants, and a purchaser at the partition sale would be released from his purchase.

At chambers. Action by Emma Kennedy and others against Matilda Arthur and others for partition. The purchaser at the partition sale now moves to be relieved from her purchase.

*Thomas F. Cherry*, for plaintiffs. *D. H. Driscoll*, for defendants.

INGRAHAM, J. Section 440 of the Code, which authorizes an order for the service of a summons by publication, or upon a non-resident out of the state, is as follows: "The order must direct that service of the summons on the defendant named or described in the order be made by publication in two newspapers, * * * or at the option of the plaintiff by service of the summons, and of a copy of the complaint and order without the state upon the defendant personally." It must also contain either a direction to mail, in a specified post-office, copies of the summons, complaint, and order, or a statement that the judge dispenses with the deposit of any paper. It is settled by several decisions that the order must contain a provision for the publication of the summons to give the court jurisdiction. See *Ritten* v. *Griffith*, 16 Hun, 454; *Fetes* v. *Volmer*, 8 N. Y. Supp. 294. The order in this case contains the provision for the service by publication, or at the option of the plaintiff by personal service without the state. It failed, however, to contain a direction that on or before the first day of publication the plaintiff deposit in a specified post-office one or more sets of copies of the summons, complaint, and order, directed to the defendants at a place named in the order. In the case of *Weil* v. *Martin*, 24 Hun, 647, it was held that, although in every case the order must contain a provision for the service by publication, where the attorney does not intend to serve the summons personally, it is not necessary to provide for the exercise of that right, the court saying: "The provision made by the Code is peremptory that such direction [the publication] must be given to warrant a substituted service of this nature of the summons and complaint. To that extent the order is required to go in all cases in order to conform to the unqualified enactment contained in the Code upon this subject. It is only when the plaintiff may desire to avail himself of the privilege created of serving papers personally out of the state that the order is required to provide for the exercise of that right." And this case appears to have been followed in the third department in the case of *O'Neil* v. *Bender*, 30 Hun, 204, where *Ritten* v. *Griffith* is cited. The general term in two departments having thus held that it is not necessary that the order should contain the provision for personal service, it would seem that the same rule should apply as to the provision for mailing, where it was not the intention of the plaintiff to publish the summons; for it is plain that it is only in case of publication that the mailing is necessary. The summons is only directed to be mailed on or before the day of the first publication. If such publication never takes place, the papers are never to be mailed; and, in this case, no such publication having been made, the time never arrived when, had the provision been made in the order, the papers should have been mailed. I think, therefore, it should he held on this motion that the court obtained jurisdiction over the defendants by the service out of the state.

There is, however, another objection taken by the purchaser that I think is fatal. The guardian *ad litem* was appointed on application of plaintiff's attorney after the time of the infants to plead had expired. There is no proof of the service of the summons and complaint upon the guardian *ad litem*, no pleading or appearance by him on behalf of the infants, and, so far as appears, he received no notice of his appointment until he consents to

the entry of the interlocutory judgment, which was entered on April 8, 1890. The order appointing the guardian *ad litem* did not fix the amount of the bond to be given by him, as provided by section 1536 of the Code. That section provides that a bond must be given by the guardian *ad litem*, with one or more sureties as the court directs, in a sum fixed by the court, and that this bond cannot be dispensed with. Subsequently, on May 20, 1890, after the entry of the interlocutory judgment, the guardian applied to the court for leave to file his consent and a bond, which leave was granted, but the order did not fix the number of sureties, nor the amount of the bond. Neither of these provisions of the statute have been complied with. The entire proceeding relating to the appointment of this guardian *ad litem*, and his subsequent acts in the case, are irregular. So far as appears, the infants have had no opportunity to interpose a defense to the action, or to appear before the referee. There was no such appearance by the guardian at any time until the application to the court for the interlocutory judgment, and no evidence that he had up to that time notice of his appointment, or protected the interests of the infants, and up to this time his appointment has never been completed by filing the bond required by the Code. Under such circumstances, I do not think that the judgment was binding on the defendants.

The motion should be granted, and the purchaser relieved from his purchase. Order to be settled on notice.