In the Matter of the Application of MARY ELIZABETH FIELD
et al. for Permission to Sell Real Estate.

B. conveyed certain premises to his daughter and her husband and to the
survivor of them for life, with remainder in fee, upon the death of such
survivor, to their lawful issue then living, and the children of any such
issue as shall have died, with a reversion to the heirs of the grantor in
case of his death, and to himself if living.    B. and one of said grantees
are dead, the other grantee and one child, who has three infant children,
survive.    A sale of a portion of said premises was made in proceedings
under, and as prescribed by, the act of 1890 (Chap. 276, Laws of 1890),
which authorizes the sale of said premises, with the assent of the adult

owners, at public auction, in such manner as would realize its full and fair market value, the proceeds to be brought into court and invested under its direction, and the principal to be retained in the custody of the court until all the life estates therein are determined, and then to be distributed upon the order of the court on notice to all persons entitled to the interest or income. The purchaser refused to complete the purchase, claiming that the title was defective, as no sufficient provision was made for persons not *in esse*. *Held*, untenable; that the act provides a full and complete protection.

The adult parties appeared in the proceeding by attorney, acquiesced in the order of sale, and made no objection or resistance at any point of the proceedings. *Held*, that this was a sufficient assent.

The provision of the Code of Civil Procedure (§ 440) directing that an order for service of summons by publication must direct service by publication for a specified time, "or at the option of the plaintiff by service of the summons, and of a copy of the complaint and order, without the state, upon the defendant personally," does not require that the order shall direct both modes of service. The election as to the mode of service may be made at the time of granting the order, and it may direct the service by due publication or by personal service without the state; and where an order directing either mode alone is followed by due service in that manner, this constitutes a good service.

*Ritter* v. *Griffith* (16 Hun, 454), overruled.

(Argued February 1, 1892; decided February 12, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made December 31, 1891, which affirmed an order of Special Term overruling objections to the title tendered to the purchaser under a sale in the above proceedings.

These proceedings were instituted under chapter 276 of the Laws of 1890, "An act to authorize the sale of certain real property in the city of New York, conveyed by John M. Bradhurst and wife to Hickson W. Field, Jr., and Mary Elizabeth Field and others." Said premises were owned by said John M. Bradhurst in his life-time and he conveyed them to his daughter and her husband for their lives and the life of the survivor, with remainder in fee to their lawful issue living at the death of such survivor, and to the children of any of such issue as shall have died, with a reversion to the right

heirs of the grantor in case of his death and to himself if living. The grantor is dead and also one of the grantees, the other and one child of the grantees, who has three infant children, survive. Said act of 1890 authorizes the sale of said property with the assent of the adult owners at public auction in such manner as will realize its full and fair market value. The proceeds are required to be brought into court and invested under its direction and the principal retained in its custody until all the life estates therein are determined, and then only to be distributed upon the order of the court on notice to all persons entitled to the principal or income.

Upon consent of all the adult heirs authorizing a sale of a portion of said premises a portion thereof was sold to Leo C. Dessar in accordance with the terms of said act, who objected to complete his purchase on the following grounds, viz. :

*First.* Chapter 276 of the Laws of 1890 is unconstitutional.

*Second.* The legislature of the state of New York has no power to direct the sale of property of adults of sound mind without their consent.

*Third.* The adults having a contingent or reversionary interest in the said premises, neither consented to nor acquiesced in passage of chapter 276 of the Laws of 1890, nor the proceedings taken thereunder, nor the sale of the premises, nor was any person authorized to consent or acquiesce for them or either of them.

· *Fourth.* The order directing service of the order to show cause upon the non-residents did not conform to section 440 of the Code of Civil Procedure. It did not direct the publication in two newspapers or provide for the deposit in the post-office, as required by said section, and the order to show cause was not properly served upon the non-resident parties.

*Fifth.* There can be no substituted service upon the non-residents in this matter. They must be served by publication. Their actual place of residence is known and the affidavit for the order states that fact.

*Sixth.* The court never acquired jurisdiction over the parties interested in said property.

*Joseph B. Reilly* for appellants. The act of the legislature makes no provision for the rights or interests of any children that may be born to the Princess Brancaccio subsequent to the commencement of these proceedings, and is invalid, neither does the order confirming the report of the referee and directing a sale of the property make any such provision. (Laws of 1857, chap. 444, § 2; *Brevort* v. *Grace*, 53 N. Y. 250; *Leggett* v. *Hunter*, 19 id. 445.) The contingent interest of the adult heirs of John M. Bradhurst was susceptible of conveyance by deed; hence, such interest could not be extinguished without some affirmative act on their part. (Laws of 1857, chap. 444, §§ 2, 5; Code Civ. Pro. §§ 424, 740, 1512, 1513; Laws of 1890, chap. 276, § 2; Code Civ. Pro. § 440.) The order directing the service of papers in these proceedings on the non-residents does not contain the provisions required by law, and hence it is void. (Code Civ. Pro. § 440; *Buford* v. *N. Y. Iron Mine*, 18 N. Y. S. R. 400.) The order directing service, etc., was improperly granted. (Code Civ. Pro. § 439.)

*Henry H. Man* for respondents. The act in question is constitutional. (*Cochrane* v. *Van Surlay*, 23 N. Y. 365; *Towle* v. *Forney*, 14 id. 423; *Leggett* v. *Hunter*, 19 id. 445; *Suydam* v. *Williamson*, 24 How. Pr. 427; *Brevoort* v. *Grace*, 53 N. Y. 245.) The legislature did not, in passing chapter 276 of the Laws of 1890, attempt to authorize the disposition of the property of adults without their consent. (Laws of 1890, chap. 276, § 5.) The court did not attempt to dispose of the interest of any adult without his consent. (*Wing* v. *Rionda*, 125 N. Y. 678, 680; *Brown* v. *Nichols*, 42 id. 26, 30; *People ex rel.* v. *Coleman*, 41 Hun, 307.) The court had power to order either service by publication or substituted service without the state of New York. (*Ingersoll* v. *Mangam*, 84 N. Y. 625; *Weil* v. *Martin*, 24 Hun, 645; Code Civ. Pro. §§ 435, 445.) Under the Code, the order in question would be valid without containing any provision for publication. (*People* v. *Gates*, 56 N. Y. 387, 391, 393; *Hart* v. *Cleis*, 8 Johns. 40; *People* v. *Lacombe*, 99 N. Y. 43, 49; *People* v. *T. S. R. R.*

*Co.*, 95 id. 554, 558; *Bell* v. *Mayor, etc.*, 105 id. 139, 144; *Holmes* v. *Carley*, 31 id. 289, 290.) The courts have repeatedly refused to attach jurisdictional importance to mere details of practice, even in regard to the service of a summons. (*Loring* v. *Binney*, 38 Hun, 154; 101 N. Y. 623; Code Civ. Pro. §§ 723, 3345.)

Finch, J. The title tendered by the vendors was rejected by the vendee for two alleged defects; one founded upon the special act of 1890, which authorized the sale of the interests involved, and the other upon the provisions of the Code regulating the service of a summons upon non-residents.

The premises in question were owned in his life-time by John M. Bradhurst, who conveyed the same to his daughter, Mary Elizabeth Field, and her husband, Hickson W. Field, Jr., for their natural lives and the life of the survivor, with remainder in fee upon the death of such survivor to their lawful issue, then living, and to the children of any of such issue as shall have died, with a reversion to the right heirs of the grantor in case of his death, and to himself if living. The grantor is dead and also Hickson W. Field, Jr., one of the grantees, leaving the life estate running in the sole ownership of the latter's widow. There is but one surviving child of the grantees, who is Elizabeth, wife of Prince Brancaccio, and who has three children now surviving, all of whom are under the age of twenty-one years. If their mother should die before the termination of Mrs. Field's life estate, such of them as should be living at the latter date, together with any other children of the princess who may be born before that period, would be entitled in remainder, so that infants and persons not in being have possible and contingent interests essential to be cut off in the transfer of a perfect title. The act of 1890 (chap. 276) specially authorizes the sale of the property with the assent of the adult owners, and the extinguishment thereby of the contingent interests referred to. The purchaser does not deny the power of the legislature to authorize an effective sale, but insists that it cannot do so with-

out provision for the safety of persons not in *esse*, and that the order should' have directed an investment of an adequate portion of the proceeds of the sale, as was suggested by one member of the General Term.

We think the act itself provides a full and complete protection. The sale was required to be made at public auction so as to realize the full and fair market value of the property, and no doubt is suggested as to the sufficiency of the consideration ascertained by the sale. The proceeds, which thus take the place of the land, are still to be treated as land for the purpose of measuring all rights therein, and their preservation is secured by requiring them to be paid into court and invested under its direction, and directing it to provide that such proceeds shall not be withdrawn from its custody, so far as the principal is concerned, until all life estates therein are determined, and then only upon the order of the court upon notice to all persons entitled to the capital or income thereof. I see no necessity for the suggested modification of the order. At the termination of Mrs. Field's life estate, when the rights of all parties will become fixed and cease to be contingent, the fund representing the land and to be treated as land will remain in the hands of the court, and to it will attach every possible right to its full extent and measure. Assuming, as we must, that the sale at public auction under the care and direction of the court has produced the full value of the land, the proceeds are preserved under the control of the court until final distribution to the parties who may then be entitled and in exact accordance with their legal rights.

But it is further objected that the order directing service of the order to show cause upon the non-resident defendants by a proper personal service without the state was void and ineffectual because it did not also direct the due publication as provided by section 440 of the Code, as that section has been hitherto interpreted. It was held in *Ritten* v. *Griffith* (16 Hun, 454) that such order was nugatory, unless its direction embodied the two alternative modes of service specified, although by the terms of the section itself either may be

adopted at the option of the party serving, and the actual publication is needless where the proper personal service is made. So far as this construction has been followed the submission has been under protest and accompanied by more or less of evident discontent. (*Weil* v. *Martin,* 24 Hun, 645 ; *O'Neil* v. *Bender,* 30 id. 204 ; *Berford* v. *N. Y. Iron Mine,* 23 J. & S. 516.) We do not agree with the construction which has been thus asserted. It may be granted that it is a possible and perhaps even a grammatical reading of the section, but the natural and sensible construction is, not that the order must direct both modes of service in every event, but while that is always proper, the order may direct the service by due publication or may direct the service by personal delivery without the state in the manner prescribed ; and an order directing either mode alone, followed by due service in that manner, will be equally good with one which directs both with an option to choose either. We deem it proper to overrule *Ritten* v. *Griffith* and relieve the courts which have doubted its construction from the embarrassment of its authority. There is no reason why the choice conceded to exist should not be exercised at the granting of the order and appear by its terms, as well as be made thereafter under an order in the alternative. It follows that the order in the present case which directed only the proper personal service without the state, was regular and not void.

The assent of the adult parties to the sale is sufficiently shown by their appearance by attorney, their acquiescence in the order of sale, and their failure at any point of the proceedings to make objection or resistance.

The order should be affirmed, with costs.

All concur.

Order affirmed.