## SABIN v. KENDRICK.

(Supreme Court, Appellate Division, Second Department. February 18, 1896.)

1. SUMMONS—SERVICE OUT OF STATE—ORDER FOR PUBLICATION.

Where an order authorizes a summons to be served by publication, or by personal service on defendant outside the state, and personal service is had, it is immaterial that the order for publication is defective, in not specifying where copies should be mailed to defendant.

2. SAME—TIME OF SERVICE.

Under Code Civ. Proc. § 638, contained in the title relating to attachment, providing that personal service of the summons must be made on the defendant against whose property attachment is granted, within 30 days after the granting thereof, or else, within that time, service of the summons by publication must be commenced, or service thereof must be made without the state, pursuant to an order made therefor, failure to serve the summons out of the state, on a nonresident, till after the expiration of the 30 days, does not affect the validity of the service, but merely the validity of the attachment.

Appeal from special term, Kings county.

Action by William E. Sabin against William A. Kendrick, impleaded. From an order denying a motion to vacate order of publication and set aside the service of the summons, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

William H. Sage, for appellant.

J. M. Ferguson, for respondent.

BARTLETT, J. The learned counsel for the appellant concedes that an order of publication need not contain both the requirement that the summons shall be published, and the provision that service may be made without the state, at the option of the plaintiff. In re Field, 131 N. Y. 184, 30 N. E. 48. He insists, however, that when the plaintiff makes no election between the two modes of service, but inserts both provisions in the order, the omission to specify a place to which copies of the summons, complaint, and order shall be directed, addressed to the defendant, is a jurisdictional defect which is fatal to the order. It does not seem to us that this view is correct. No doubt, the order of publication in the present case was defective, in that it merely provided for the mailing of the papers, "directed to the defendant," without specifying any place to which they were to be addressed. But, inasmuch as everything relating to the publication and mailing might have been omitted without affecting the validity of that part of the order which authorized the personal service of the summons without the state, we do not see how the omission of one thing relating to such publication and mailing can invalidate it. The order remained perfect as an order permitting the plaintiff to have the summons served upon the defendant personally outside the limits of New York, and the summons was so served, in the state of Connecticut, on the 25th day of October, 1895.

The order of publication was made more than 30 days before that

date, and a warrant of attachment had also been granted against the property of the defendant more than 30 days before.   Section 638 of the Code of Civil Procedure, which is contained in the title relating to the provisional remedy of attachment, prescribes that personal service of the summons must be made upon the defendant against whose' property the attachment is granted within 30 days after the granting thereof;  or else, before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made, without the state, pursuant to an order obtained therefor. There was no attempt to publish the summons in the case at bar, but it was served in Connecticut, pursuant to the order, as already stated. We do not think that the lapse of more than 30 days had any effect upon the service of the summons without the state, or upon the order authorizing such service.   The effect of the delay was limited to the attachment, which the defendant thereupon became entitled to have vacated.   The service of the summons without the state would have been perfectly good, although there had been no attachment whatever.   The Code, in the provisions relating to attachment, nowhere declares that the action shall abate, or the court be ousted of jurisdiction, by reason of a delay of more than 30 days in the personal service of the summons, or the beginning of the publication thereof; and, in the absence of such a provision in express terms, we can perceive no good reason for extending the effect of the omission beyond the avoidance of the attachment.

The order appealed from must be affirmed, with costs.    All concur.