(17 App. Div. 325.)

FURBUSH v. NYE et al.

(Supreme Court, Appellate Division, First Department.   May 7, 1897.)

1. COURTS—JURISDICTION—NONRESIDENT PARTIES.
    An action on contract may be brought in New York, though both plaintiff
    and defendant are nonresidents.
2. ATTACHMENT—MOTION TO VACATE—HEARING ON AFFIDAVITS.
    A motion to vacate an attachment on the merits will not be heard on affi-
    davits.

Appeal from special term, New York county.

Action by Charles A. Furbush against Allen T. Nye and others.
From an order setting aside the service of summons and dismissing
the complaint against defendant Nye and vacating an attachment,
plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS,
PATTERSON, and PARKER, JJ.

J. E. Ackley, for appellant.
Jas. McNaught, for respondents.

RUMSEY, J.   This is an appeal from an order setting aside the
service of a summons, dismissing the complaint against the defendant
Nye, and vacating a warrant of attachment which was granted
against him in the action. It appeared from the papers that all of
the parties to the action are nonresidents of this state, and the de-
fendant Nye appeared specially in the action for the purpose only of
setting aside the service of the summons, and vacating the warrant
of attachment. The motion was granted by the learned judge at
special term for the reason, as appears in his opinion, that, all the
parties being nonresidents, the courts of this state would not take
jurisdiction of their controversy, but would remit them to the courts
of the state where they lived to settle their affairs there. In this
conclusion we think the learned judge was in error. There is, no
doubt, a rule that the courts of this state will not take jurisdiction
of actions of tort between parties resident of and located in another
state. But that rule does not apply, and has never been applied, to
actions on contract. Where actions are brought for breach of a con-
tract, courts of this state will take jurisdiction, although all the par-
ties may reside in another state. Especially is that so where the
contract is made in this state. Smith v. Crocker, 14 App. Div. 245,
43 N. Y. Supp. 427. The motion to vacate the attachment was put,
not only upon the ground that the parties were nonresidents, and for
that reason the court would not take jurisdiction, but upon the fur-
ther ground that upon all the facts the plaintiff had no cause of ac-
tion against the defendants. An examination of the papers shows
that it is by no means clear that there was not a cause of action, and
that it is not at all certain that the damages may not amount to a con-
siderable sum. In such case the court will not consider the merits of
the action upon affidavits, and vacate the warrant, because they de-
termine upon the motion that the plaintiff cannot succeed, but will
deny the motion, leaving the merits of the case to be disposed of upon

the trial. Ganz v. Illuminating Co., 79 Hun, 409, 29 N. Y. Supp. 810. That course should have been pursued in this case.

The order therefore must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

