### BROWN et al. v. FLETCHER.

(District Court, S. D. New York. December 20, 1912.)

1. JUDGMENT (§ 656*)—DEFENSES PREVIOUSLY DETERMINED—DECISION ON DEMURRER.

Defenses pleaded in an answer which were in substance determined adversely to defendant on a demurrer to the bill will not be again considered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1167; Dec. Dig. § 656.*]

**2. Judgment (§ 683*)—Judgment as Bar—Persons Bound.**

A judgment adjudging an assignment of a claim to be void is not binding on a second assignee, whose assignment was prior to the judgment, but who was not made a party to the suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1206; Dec. Dig. § 683.*]

**3. Appearance (§ 19*)—General Appearance—Jurisdiction of Person Acquired.**

In a proceeding in a Surrogate's Court in New York by a testamentary trustee for a decree determining whether he should pay a legacy to the legatee named or to assignees of the same, where the assignees, who were nonresidents of the state, were made parties and appeared generally and attempted unsuccessfully to obtain a removal of the cause, such appearance gave the court jurisdiction over their persons, rendering its decree binding on them.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 79–82, 84–90; Dec. Dig. § 19.*]

In Equity. Suit by John A. S. Brown and Frank E. Schermerhorn, as trustee under the will of Thomas Cunningham, deceased, against Austin B. Fletcher, as testamentary trustee of Conrad Morris Braker, under the will of Conrad Braker, Jr., deceased. Decree for defendant.

Frederic W. Frost, of New York City (Charles H. Burr, of Philadelphia, Pa., of counsel), for complainants.

William P. S. Melvin, of New York City, for defendant.

HOLT, District Judge. [1] This is a suit in equity to recover $10,000 held by the defendant as testamentary trustee under a trust which directed the payment of that amount to Conrad Morris Braker upon his attaining a certain age, which he has already reached. The complainants allege in the bill that they are entitled to receive such legacy by virtue of certain assignments, one by Braker to Rabe, another by Rabe to the New York Finance Company, and another by the New York Finance Company to the complainants. The defendant originally demurred to the bill upon a number of grounds. The demurrer was heard before Judge Hand, who overruled it. In my opinion the defenses pleaded in the answer, which were passed upon in the decision of the demurrer, should be held to have been determined by that decision. The evidence taken upon final hearing does not present any different questions in regard to such grounds of defense from those which appeared on the face of the bill, and under those circumstances the presentation of those questions to be litigated again upon the final hearing simply amounts to trying the same question over before another judge.

[2] The answer pleads as a defense a judgment recovered in an action brought in the New York Supreme Court by Conrad Morris Braker against the New York Finance Company, Rabe, and the defendant, holding that the assignments from Braker to Rabe and from Rabe to the New York Finance Company were usurious and void. The pendency of such action was one of the grounds of demurrer, but at the time the demurrer was interposed no judgment had been ren-

dered. The effect of that judgment therefore was not passed upon in the decision upon the demurrer. I think that that judgment in the New York Supreme Court is immaterial in this case because the complainants Brown and Schermerhorn were not made parties to that action, and are not bound by the judgment rendered in it.

[3] The principal defense relied on is the claim that a decree of the surrogate of New York county that the defendant pay the money in his hands to Braker, rendered in a proceeding brought by the defendant in that court for an accounting in respect to his liability for the said $10,000, is a bar to the complainant's recovery in this case. After this suit was brought, the defendant instituted the proceeding in the Surrogate's Court for an accounting, and in his petition joined as parties the complainants in this suit, among others. The pendency of a suit in a federal court is not a bar to a suit brought in a state court between the same parties involving the same issues. But if two suits are pending, one in a federal court and one in a state court, between the same parties, and involving the same issues, and a judgment is recovered in one of them, such a judgment is res adjudicata upon the issues raised in the other suit. In this case, therefore, the judgment in the Surrogate's Court, to the effect that the fund in question should be paid by the trustee to Braker, is a bar to the claim in this suit that the fund in question should be paid to the complainants Brown and Schermerhorn, if the Surrogate had jurisdiction to render the decree in the Surrogate's Court. The complainants claim that he had no such jurisdiction. The complainants are nonresidents of this state, and could not be served personally within this county. The cause of action in the proceedings in the Surrogate's Court related to a fund situated in this county, and was an action in rem. Substituted service on nonresidents of New York was therefore authorized by the New York Code of Procedure. Section 2524 of that Code provides that service of a citation by publication shall be made by publication of the citation in two newspapers, or at the option of the petitioner, by delivering a copy of the citation without the state to each person named in it in person, and that the order must also contain a direction that on or before the date of the first publication the petitioner deposit in a specified post office a copy of the citation, and of the order, contained in a securely closed postpaid wrapper, directed to the person to be served, at a place specified in the order. Such an order was made. The proof shows that, after the order of publication for substituted service was made, the citation was personally served upon Brown and Schermerhorn outside the state, but there is no proof that copies of the citations were sent to them by mail; and it is claimed, therefore, that the Surrogate's Court obtained no jurisdiction. This objection is highly technical, and is, in my opinion, of doubtful validity under the New York authorities (Kennedy v. Arthur [Sup.] 11 N. Y. Supp. 661; Matter of Field, 131 N. Y. 184, 30 N. E. 48; Sabin v. Kendrick, 2 App. Div. 96, 37 N. Y. Supp. 524), although undoubtedly the general rule is that the provisions of a statute authorizing service by publication must be strictly complied with in all essential respects. But whether jurisdiction over Brown and Schermerhorn was originally

obtained by service of the citation seems immaterial. They subsequently appeared in the Surrogate's Court, served a general notice of appearance, and filed a petition to remove the controversy, as between the complainants and the defendant, to this court. Such removal was ordered, but subsequently, on motion, this court remanded the case to the Surrogate's Court. In my opinion the general appearance of the complainants in the Surrogate's Court, although it may have been entered solely for the purpose of obtaining the removal of the case to the federal court, conferred jurisdiction upon the Surrogate's Court over the complainants, and authorized it, after the proceedings were remanded, to proceed to a decree which would bind them.

The complainants further claim that the Surrogate's Court had no jurisdiction to render a decree on the ground that it was represented to that court that the complainants had not appeared in that court, and that the surrogate entered the decree in reliance on that representation. Whatever the fact may be in that respect, such a representation, if made, in my opinion, did not destroy the jurisdiction of the Surrogate's Court. After the complainants had appeared generally in that court, that court had jurisdiction both of the subject-matter and of the persons of the complainants. If there is any ground on which that decree should be vacated and the complainants given a hearing, an application should be made to the Surrogate's Court for that purpose; but that court having rendered a decree, after it had obtained jurisdiction of the person and the subject-matter, I think that its decree is conclusive upon the complainants until set aside by that court, or reversed upon appeal. The claim that the decree entered is not final because a motion to open it has been made seems to me untenable. The decree has been entered, and has not yet been vacated. Even if it should be vacated, I think that the Surrogate's Court, having once entered its decree, will continue thereafter in sole control of the litigation.

My conclusion therefore is that the bill in this suit should be dismissed, with costs.