GODFREE' v. GODFREE.   (No. 6945.)

(Supreme Court, Appellate Division, First Department.   March 19, 1915.)

DIVORCE ☞79—SERVICE—PROCESS—STATUTE.

Under Code Civ. Proc. § 440, providing that the order for publication must direct that service of summons be made by publication, or at plaintiff's option, that the summons and complaint be served upon the defendant personally without the state, as amended in 1914, by eliminating the right of the plaintiff, at option, to make personal service without the state, an order of publication, in an action for divorce, in the alternative, that the summons be published or that it be served personally without the state, was fatally defective in form.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 258–263; Dec. Dig. ☞79.]

Appeal from Special Term, New York County.

Action by Alice Breed Godfree against Charles Horace Godfree. From an order denying motion to vacate an order directing service of process by publication, defendant appeals.   Order reversed.

Argued before CLARKE, LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Leo R. Brilles, of New York City, for appellant.

Francis Colety, of New York City, for respondent.

HOTCHKISS, J.   The action is for divorce.   The order was in the alternative, that the summons be published, or that it be served personally without the state.   The grounds of the motion to vacate were: (1) That the order, instead of requiring "that on or before the date of *first* publication" plaintiff deposit in the post office, etc., used the words "third publication"; (2) that the papers failed to show that plaintiff had been or would be unable with due diligence to make personal service, and that defendant had been continuously without the state for six months.

The court below held the order was unobjectionable in form, but that the papers on which the order was granted failed to show sufficient facts concerning defendant's absence from the state, and gave plaintiff leave to file additional affidavits on this subject, of which leave plaintiff availed herself.   As to these affidavits defendant claims that the motion went to jurisdictional defects in the order, which could not be so corrected.   I think the order was fatally defective in form, and that on this ground the order appealed from must be reversed.

Prior to the year 1914, section 440 of the Code provided that the order for publication must direct that service of the summons be made by publication, or at plaintiff's option that the summons and complaint be served upon the defendant personally without the state. Under this section it was held in the Matter of Field, 131 N. Y. 184, 30 N. E. 48, that it was not necessary for the order to contain a provision for both methods of service, but that:

"The order may direct the service by due publication or may direct the service by personal delivery without the state in the manner prescribed; and an order directing either, made alone, followed by due service in that manner,

will be equally good with one which directs both, with an option to choose either."

In Sabin v. Kendrick, 2 App. Div. 96, 37 N. Y. Supp. 524, the order provided in the alternative for each method of service, but that portion providing for service by publication was fatally defective. The court held that this did not invalidate the entire order because it still remained good as an order for personal service without the state. In 1914 section 440 was amended by eliminating that portion which gave plaintiff the option to make personal service without the state, and as the section now stands it provides for service by publication only. The learned court below, however, invoked section 443, subdivision 2, which provides:

"In all cases when publication is ordered, personal service of a copy of the summons and complaint * * * out of the state, is equivalent to publication and deposit in the post office."

This provision the court held is the equivalent of the option which by the aforesaid amendment was eliminated from section 440, and from this fact the court concluded that notwithstanding the order was defective in that portion which provided for service by publication, inasmuch as by section 443 there still remained to plaintiff the privilege to serve personally without the state, the order was valid as the basis for such service, when a proper state of facts had been made to appear by additional affidavits. But section 443 may be invoked only "when publication is ordered." Clearly this refers to a valid order of publication, and not to one fatally defective.

It is unnecessary to express any opinion on the question whether the additional affidavits were properly received, as they did not affect the form of the order.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.