(92 Misc. Rep. 602)

## MARRONE v. TESORIERE.

(Supreme Court, Special Term, Oneida County. December, 1915.)

1. ATTACHMENT ⚖══209—PROCESS—PUBLICATION—PROOF OF LEVY ON PROPER-
TY—STATUTE.

Under Code Civ. Proc. § 683, providing for an application to vacate or
modify warrant of attachment, plaintiff, on defendant's motion to set
aside an order for publication of summons and attempted service there-
under on the ground that a writ of attachment had been filed, but not
levied, and that defendant had no leviable property, might show property
in the state on which attachment might be levied and that a writ was in
the sheriff's possession for that purpose.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 675–687, 690,
691; Dec. Dig. ⚖══209.]

2. COURTS ⚖══35—JURISDICTION—PRESUMPTION.

Where the papers did not definitely show where the contracts for de-
fendant's sale of goods to plaintiff were made, or where the breaches sued
upon occurred, the Supreme Court, as a court of general jurisdiction,
might presume that the cause of action arose within its jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 140, 141, 145, 146;
Dec. Dig. ⚖══35.]

3. PROCESS ⚖══86—SUMMONS—PUBLICATION.

Where the cause of action against a nonresident defendant for breach
of his contract to sell goods to plaintiff arose in the state, the service of
summons by publication was authorized.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 100; Dec. Dig.
⚖══86.]

4. JUDGMENT ⚖══17—PROCESS TO SUSTAIN JUDGMENT—NONRESIDENT—PERSON-
AL JUDGMENT.

There can be no personal judgment against a nonresident, based upon
a summons served by publication or without the state, unless he appears
and subjects himself to the jurisdiction of the court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33, 157, 422;
Dec. Dig. ⚖══17.]

5. PROCESS ⚖══109—ORDER FOR PUBLICATION—ALTERNATIVE FORM—PERSONAL
SERVICE.

An order for the service of summons upon a nonresident defendant by
publication, in the form prescribed by Code Civ. Proc. §§ 438, 440, 441, 443,
subds. 1, 2, and section 445, before the amendment of 1914 (Laws 1914,
c. 346), was not defective in form, because permitting summons to be
served personally without the state, without using the publication at
all.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 136; Dec. Dig.
⚖══109.]

Action by Vincenzo Marrone against Francesco Tesoriere. Defend-
ant moves for an order setting aside and vacating the order for the
publication of summons and the attempted service of the summons un-
der such order. Motion denied.

The defendant appears specially for the purpose of the motion, and moves
for an order setting aside and vacating the order for the publication of the
summons herein and the attempted service of the summons under such order.
The motion comes on pursuant to an order to show cause, and is made upon
the summons, complaint, order of publication, and affidavit of the attorney
for the defendant, and is opposed upon the affidavits of the plaintiff and one
of his attorneys. The sole grounds for the relief asked for by the defendant

⚖══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

are stated in his brief as follows: "That the court has acquired no jurisdiction to make such an order. That the order is defective in form and therefore void."

The first ground is amplified in the defendant's brief as follows: "It appears by the records that a writ of attachment has been filed herein, but that no levy has been made pursuant to the writ; that there are no goods or property in the United States of the defendant upon which such levy can be made. Under such circumstances the court acquires no jurisdiction to make an order of publication. There is no recital in the moving papers that there is any specific property within the jurisdiction, which might be attached. The fact that there is none is shown by the fact that no levy has been made. The case is exactly covered by the decision of Judge Wheeler in Guffey v. Grand Trunk Ry. Co., 67 Misc. Rep. 553 [122 N. Y. Supp. 947]."

It appears that the plaintiff is a resident of, and a merchant doing business in, the city of Utica, N. Y., and that the defendant is a resident of, and a merchant doing business in, the city of Palermo, Italy. The complaint shows two causes of action for breaches of contract in the sale of goods by the defendant to the plaintiff. The papers do not definitely show where the contracts were made or where the breaches thereof (which are the causes of action involved) were made.

The moving affidavit was made by the defendant's attorney, and states that a writ of attachment had been signed, but not levied, that no return had been made thereon, and that there is no property of the defendant in this country upon which such writ of attachment could be levied. This affidavit seems to me to state only a conclusion as to whether or not there is property of the defendant in this state, the language being, "And there is no property of the defendant in this country upon which any such writ of attachment could be levied." In any event, the affiant discloses no information upon which to base his statement, and there is no presumption that the affiant knew whether or not the defendant had property within this state. On the other hand, the opposing affidavits disclose the presence of property within this state upon which a writ of attachment might be levied, and the fact that such a writ was in the possession of the sheriff for that purpose.

Miller & Williams, of Utica, for plaintiff.
Samuel F. Frank, of New York City, for defendant.

DE ANGELIS, J. [1] Under section 683 of the Code of Civil Procedure the new proof offered by the plaintiff tending to sustain the attachment was competent, and that shows the presence of property in the state that may be or has been levied on under the attachment.

[2] Since the papers do not definitely show where the contracts were made, or where the breaches thereof took place which are the causes of action, and as this court is a court of general jurisdiction, I am permitted to rely upon the presumption that the causes of action arose within the jurisdiction of the court. Furbush v. Nye, 17 App. Div. 325, 45 N. Y. Supp. 214; Furbush v. Clarkson, 17 App. Div. 327, 45 N. Y. Supp. 215. Neither of these cases has ever been questioned, and the first one mentioned has been frequently cited.

[3] As the causes of action arose in this state, the service of the summons by publication was authorized under all the authorities. Clarke v. Boreel, 21 Hun, 594, is the leading case upon the subject. That case is not disturbed by Bryan v. University Pub. Co., 112 N. Y. 382, page 388, 19 N. E. 825, 2 L. R. A. 638, as the prevailing opinion in that case shows. Guffey v. Grand Trunk Ry. Co., 67 Misc. Rep. 553, 122 N. Y. Supp. 947, the case upon which the defendant mainly relies, is distinguishable from the case at bar in three re-

spects: (1) That was an action for tort and not on contract; (2) the cause of action there did not arise in this state; and (3) there appeared to be no property in this state subject to attachment.

[4] Everybody who is intelligent in the law knows that there can be no personal judgment against a nonresident based upon a summons served by publication or without the state, unless he appears and subjects himself to the jurisdiction of the court. This action will be innocuous as to him or his property unless an attachment is levied herein upon the defendant's property, or he appears generally in the action.

[5] The form of the order for the service of the summons is not void, but is perfectly valid. A misconception of the law upon the subject seems to have been derived from a hasty reading of Godfree v. Godfree, 166 App. Div. 694, 152 N. Y. Supp. 257, which is easily distinguished from the case at bar, for in that case, in that portion of the order providing for publication, the court directed the deposit of the papers in the post office to be made on or before "the *third* publication," instead of on or before "the *first* publication." There is no such trouble in the order under consideration. While this order is in the form used prior to the amendments of sections 438, 440, 441, 443, and 445 of the Code of Civil Procedure, made in 1914, the Godfree Case does not condemn it. I may add that, with great respect for the court which decided the Godfree Case, I believe the view of the law there taken is unsound. We have been taught in Matter of Field, 131 N. Y. 184, 30 N. E. 48, that the order to institute a proceeding or action in rem against a nonresident, by what may be called for convenience publication of the summons or personal service thereof without the state, might provide for service by both of the two methods in the alternative, or by one of the methods to the exclusion of the other. We have also been taught that where the order attempted to provide for the service of the summons by the two methods in the alternative, but by reason of jurisdictional defects in one of the methods attempted to be authorized service could not be made by that method, that fact did not invalidate the order. The service might be made under the other method. Sabin v. Kendrick, 2 App. Div. 96, 37 N. Y. Supp. 524.

While, of course, the Field Case and the Sabin Case were decided before the amendments of 1914, I think these authorities are clearly applicable to the Code as amended. It seems to me that too much stress was placed upon "words" and not "substance" in the Godfree Case. What difference does it make that the introductory words of section 438 of the Code as amended in 1914 indicate that the notice of proceedings in rem to be given to nonresidents, among others, is called "the service of a summons  *  *  *  by publication," if in fact with the order made pursuant to sections 439 and 440, the summons may be served personally without the state in accordance with subdivisions 1 and 2 of section 443, and the publication not used at all? None, it seems to me. What harm can possibly be done by putting into the order the alternative provision that, although a publication of the summons is provided for, personal service thereof may be made agreeably to subdivisions 1 and 2 of section 443? None, it seems to

me. I am not overlooking subdivisions 3, 4, 5, and 6 of section 443, providing for personal service of the summons without the state in certain cases without any order at all.

However, as I have pointed out before, the Godfree Case is not an authority in favor of the defendant in this action. It follows that the motion must be denied, but without costs.

Ordered accordingly.