THE BANFIELD COMPANY, Respondent, *v.* WILLIS HOLLEN-BECK, Appellant.

Third Department, November 13, 1918.

Process — service on non-resident — option for personal service without State in order for publication is surplusage and unnecessary.

Where the order for the service of summons on a non-resident defendant provided for publication in two newspapers, " or at the option of the plaintiff by service of the summons and of the complaint and of this order, without the State of New York, upon said defendant personally," and service of the summons and of the complaint was made personally outside the State, *held*, on motion by the defendant to set aside such service because made outside the State, that the clause in question was unnecessary and mere surplusage.

APPEAL by the defendant, Willis Hollenbeck, from an order of the Supreme Court, made at the Chemung Special Term and

entered in the office of the clerk of the county of Chemung on the 14th day of May, 1918, denying his motion to vacate and set aside an order directing the service of the summons herein by publication.

*H. D. Wilcox,* for the appellant.

*John J. Crowley,* for the respondent.

LYON, J.:

The defendant was a non-resident. The order for the service of the summons provided for the service thereof by publication in two newspapers, " or at the option of the plaintiff by service of the summons and of the complaint and of this order, without the State of New York, upon said defendant personally." Service was in fact made of the summons and also of the complaint personally without the State of New York. The defendant now seeks to have the service set aside because of the requirement of service without the State. We think the clause was unnecessary and mere surplusage.

In the case of *Ritten* v. *Griffith* (16 Hun, 454) it was held that the absence of a similar clause in an order rendered it void, although service was made by publication. That case was overruled in *O'Neil* v. *Bender* (30 Hun, 204) and in *Matter of Field* (131 N. Y. 184). In *Sabin* v. *Kendrick* (2 App. Div. 96) the provision for mailing omitted to specify any place to which the summons and complaint were to be addressed. However, the order was perfect as an order permitting the plaintiff to serve without the State, and the summons was served pursuant to such order. It was held that the omission of the provision for mailing did not invalidate the order. In *Weil* v. *Martin* (24 Hun, 645) the order did not provide that summons might be served outside the limits of the State. On that account it was objected to. The court held that as no service of that nature was made upon either of the defendants, this objection did not have any substantial support. In *O'Neil* v. *Bender* (30 Hun, 204) the order omitted the requirement of personal service without the State, but directed the publication and deposit of the summons, which were duly made. Service was made in this manner. Held, sufficient. In *Godfree* v. *Godfree* (166 App. Div. 694) publication was

ordered but the order required the plaintiff on or before the date of the *third* publication to deposit in the post-office the copy of papers. Held, that the order was invalid. In *Marrone* v. *Tesoriere* (92 Misc. Rep. 602) the precise question was involved, and it was there held that so long as the person complied with the provision for publication, it mattered not that the order provided for service without the State. (Code Civ. Proc. § 443, subd. 2.)

The order should be affirmed.

Order unanimously affirmed, with ten dollars costs and disbursements.