HENRY SHEAFER, Plaintiff, *v.* VERMONT HYGEIA ICE COMPANY
et al., Defendants.

Supreme Court, New York Special Term, May, 1922.

**Summons — when personal service without the state is completed — rule 51, Rules of Civil Practice.**

Where in lieu of publication of a summons under section 233 of the Civil Practice Act, service upon a defendant is made without the state, the service is complete under rule 51 of the Rules of Civil Practice ten days after the filing of proof of service.

The omission of a direction from both the Civil Practice Act and the Rules of Civil Practice with respect to proof of service without the state, without an order that it shall be deemed complete ten days after proof of service filed, makes it evident that proof of service of a summons without the state, without an order, is deemed complete upon actual service of the summons outside the state.

MOTION for judgment.

*Leary & Somers,* for plaintiff.

*Miller, Bretzfelder & Ruskay,* for defendants.

MCAVOY, J. The question arises here as to whether service is complete against a defendant served without the state, without an order permitting such service under section 235 of the Civil Practice Act. If service be made without the state in lieu of publication of a summons under section 233, service is complete ten days after proof thereof is filed. See Rules of Civil Practice, rule 51. There is no provision, either in the Civil Practice Act or the Rules of Civil Practice, providing for the time when service may be deemed complete in the instance of service without the state where no order is required under the Code of Civil Procedure lately superseded. Provision for service without the state under an order for publication of the summons was made by subdivision 1 of section 443 thereof. Service without the state without an order was regulated by subdivision 3 of the same section. The time within which service was deemed complete under the Code, either made personally without the state under an order for publication or without an order, was the same — that is, ten days after proof of service was filed. This regulation was found in subdivision 4 of section 443 of the Code, and being contained in the same section in which both sorts of service were provided for, doubtless governed in either instance. Subdivision 4 is transferred to rule 51 of the Rules of Civil Practice, but is amended by adding, in so far as it is applicable to the situation, the words *in lieu of publication,* and now reads: " Service without the state *in lieu of publication* is complete ten

38

days after proof thereof is filed." This, unquestionably, distinguishes proof of service without the state in lieu of publication from proof of service without the state without an order for publication. The omission of a direction from both the act and the rules with respect to proof of service without the state without an order that it shall be deemed complete ten days after proof of service is filed, makes it evident that proof of service of a summons without the state without an order is deemed complete upon actual service of the summons outside the state. It is, therefore, ruled that the defendant City Trust Company is in default and judgment may be entered against it upon the proof already filed.

Ordered accordingly.