In the Matter of the Application of the Board of Education of Union Free School District No. 1 of the Town of Queensbury, Plaintiff, *v.* William H. Robinson and Others, Defendants.

Supreme Court, Warren County, November, 1922.

Practice — service of petition without the state in condemnation proceeding — order for personal service unnecessary — when service and notice of presentation of petition sufficient.

Section 235 of the Civil Practice Act, which provides that where a complaint demands judgment that the defendant " be excluded from a vested and contingent interest in " specific real property " or otherwise affecting the title to such property " the summons and complaint may be served without an order of publication upon the defendant without the state, applies to a petition in condemnation proceedings.

In a condemnation proceeding to acquire, for school purposes, the title of real property owned by non-residents, an order that service of the petition and notice of the presentation thereof be made upon the defendants " personally without the state " is unnecessary and may be treated as surplusage.

It appearing that more than eight days elapsed between the time that the service of the petition and notice of presentation thereof was completed and the return day, defendants' preliminary objection to the proceeding upon the ground that such service was insufficient to give jurisdiction, because the order for such service did not in terms provide for service by publication under section 232 of the Civil Practice Act, will be overruled.

ACTION to condemn real property for use as a school site.

*Henry W. Williams,* for plaintiff.

*Thomas W. McArthur,* for defendants.

ANGELL, J.   The defendants are the owners of real property within the school district which plaintiff desires to use as a part of a site for a new school building.   Plaintiff and defendants have not been able to agree upon the price.   Therefore, plaintiff brings this proceeding for condemnation and asks that commissioners of appraisal be appointed to ascertain the compensation to be made to the owners.   Defendants object to the proceeding upon the ground that the service of the petition and notice of the presentation thereof was insufficient to give the court jurisdiction.

The defendants are non-residents.   Plaintiff obtained an order that service of the petition and notice of the presentation thereof be made upon the defendants " personally without the state." Defendants assert that this order is insufficient in that it does not provide, in terms, for service by publication, under section 232 of the Civil Practice Act.   Section 233 of the Civil Practice Act provides that where an order of publication has been made, in lieu thereof, the summons may be served personally without the state.

It does not seem to me, however, that these provisions are applicable to this case.   Section 235 of the Civil Practice Act provides that where a complaint demands judgment that the defendant " be excluded from a vested and contingent interest in " specific property within the state " or otherwise affecting the title to such property," the summons and complaint may be served without an order upon the defendant without the state.   Section 6 of the Condemnation Law provides that service of the petition and notice must be made in the same manner as the service of a summons in the Supreme Court.

Defendants urge that this is not an action to exclude them from their interest in real property, or otherwise affecting the title, within the meaning of section 235.   It seems to me otherwise. The interpretation of the section must turn upon the meaning of the words " exclude " and " affect."   Both are words in common usage.   No strained interpretation is necessary to make them applicable to a condemnation proceeding.   Defendants are sought to be debarred and dispossessed of their interest in this real property, which is precisely the meaning of " exclude," as given in 23 Corpus Juris, 274.   The proceeding likewise " affects " the title to real property.   This means to influence, to vary, to act upon, to produce an effect or change upon, as the word is

32

defined in 2 Corpus Juris, 311.    That a condemnation proceeding varies, or produces an effect upon or change in regard to the title of the property involved, does not seem open to question.

Defendants concede that this section is applicable to an action to foreclose a mortgage upon real property.    It has been held that a suit for specific performance of a contract to convey land is an action affecting the title.    *Goldstein* v. *Curtis*, 63 N. J. Eq. 454. No reason appears, so far as I can perceive, for placing a condemnation proceeding, in this regard, in a class distinct from mortgage foreclosure and specific performance actions.

It is true that plaintiff asks to acquire in this proceeding the entire title.    That is a right given plaintiff by law, since the property is to be used for a public purpose.    The defendants have a " vested " interest in this property; they own it.    It is sought to exclude them from this vested interest.    Any action or proceeding by which it is sought to exclude them from this vested interest is necessarily an action or proceeding " affecting " the title.    The conclusion, therefore, seems irresistible that this proceeding is within the provisions of section 235.

It necessarily follows that the order for service without the state, which the plaintiff obtained, was unnecessary.    It may be treated as surplusage.    *Banfield Co.* v. *Hollenbeck*, 184 App. Div. 618.

This being the situation, defendants' contention that they did not have sufficient notice of the presentation of the petition is without avail.    Rule 51 of the Rules of Civil Practice provides that service without the state in lieu of publication is complete ten days after proof thereof is filed.    The service in this case was made September 30, 1922.    Proof of the service was filed in the Warren county clerk's office October 9, 1922.    Service was, therefore, complete October nineteenth.    Section 5 of the Condemnation Law provides that eight days' notice of the presentation of the petition must be given.    The notice served with the petition was returnable October thirtieth.    Therefore, more than eight days elapsed between the time the service was complete and the return day.

The preliminary objections of defendants are overruled.

Ordered accordingly.