VANDA MIJON, Plaintiff, v. VENTURA MIJON, Defendant.

Supreme Court, New York County, January, 1923.

**Process — divorce — order for personal service of summons without the state is unauthorized.**

There being no provision in the Civil Practice Act for an order directing the personal service of a summons without the state, such an order directing service of the summons and complaint in an action for a divorce upon the defendant personally without the state is unauthorized and void, and the court acquires no jurisdiction thereunder over the defendant.

ACTION for divorce.

*Lazarus J. Broter,* for plaintiff.

No appearance for defendant.

DAVIS, J. This is an undefended action for divorce. The plaintiff makes her application for judgment after the taking of evidence in her behalf. It appears that on April 21, 1922, an order was made directing " that the service of the summons and complaint upon the defendant be made upon the defendant personally without the state by any officer or person duly authorized and empowered under the laws and regulations of the City of Porto Rico of the State of Porto Rico to make such service, * * * and that publication in newspapers and deposit in post office, as required under the Civil Practice Act, should be dispensed with." The summons and complaint are claimed by plaintiff to have been served upon the defendant personally in the city of Humacoa, in Porto Rico, pursuant to such order. Section 438 of the Code of Civil Procedure (1877) provided that " an order directing the service of a summons upon a defendant, without the state, or by publication, may be made " in certain cases. Section 440 of such Code (1877) provided that the order must direct that the service of the summons be made by publication, " or, at the option of the plaintiff, by service of the summons, and of a copy of the complaint and order, without the state upon the defendant personally." By chapter 346 of the Laws of 1914 section 438 was amended by omitting the provision as to service without the state and providing that an order directing the service of the summons upon a defendant by publication may be made in certain cases. There is a similar omission of the words " without the state " in section 440 as amended by the Laws of 1914. It has been held under such sections, as they existed prior to 1914, that it was not necessary that the order should direct both modes of service, but that it might direct

either mode of service. *Matter of Field,* 131 N. Y. 184. By the amendment of 1914, subdivision 2, section 443, of the Code of Civil Procedure, it is provided that " in all cases when publication is ordered, personal service of a copy of the summons and complaint and such notice, out of the state, is equivalent to publication and deposit in the post-office." It has been held that under such sections, as amended by the Laws of 1914, service without the state can only be invoked when publication is ordered. *Godfree* v. *Godfree,* 166 App. Div. 694. See, also, *McCoy* v. *Erie Forge & Steel Co.,* 201 App. Div. 570, and *Sheafer* v. *Vermont Hygeia Ice Co.,* 118 Misc. Rep. 593. Sections 232 and 233 of the Civil Practice Act, under which the order before me was made, are substantially the same as sections 438 and 443 as amended by the Laws of 1914. There is no provision in the Civil Practice Act for an order directing the personal service of a summons without the state. The order made herein directing service was unauthorized and void. The court, therefore, acquired no jurisdiction under such order over the defendant in this action, and the application for a divorce must, therefore, be denied.

Judgment accordingly.