Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59. If the mortgage expressly acknowledges an existing debt, then the personal liability of the mortgagor is implied from the execution of the mortgage. Culver v. Sisson, 3 N. Y. 264; Thomas on Chattel Mortgages, 147. I think that there is in this mortgage such an acknowledgment of a debt of $800 (see Elder v. Rouse, 15 Wend. 218), and therefore that a suit for deficiency would lie (Case v. Boughton, 11 Wend. 107; Thomas on Chattel Mortgages, supra).

I think, then, that the dismissal was error, and that without expression upon the merits we should reverse the judgment and order a new trial; costs to abide the event. All concur.

---

### TULLOCK v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Second Department. December 8, 1911.)

CORPORATIONS (§ 673*)—FOREIGN CORPORATIONS—ACTIONS AGAINST—RESIDENCE OR PLAINTIFF—EVIDENCE.

In an action against a foreign corporation, evidence *held* to sustain a finding that plaintiff was at the time of the commencement of the action a resident of New York, giving the court jurisdiction.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 673.*]

Appeal from Special Term, Westchester County.

Action by George L. Tullock against the Delaware, Lackawanna & Western Railroad Company. From a Judgment of the Special Term (127 N. Y. Supp. 946) for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Frederick W. Thomson, for appellant.

John F. McIntyre (Joseph A. Shay and L. F. Fish, on the brief), for respondent.

RICH, J. On the 5th day of March, 1910, while employed in its yard at Hoboken and Jersey City, N. J., the plaintiff was struck by the overhang of one of defendant's cars and received injuries for which he has been awarded substantial damages. The plaintiff is a single man, and up to June 28th, 1910, with the exception of the time when he was in a hospital, had resided with his parents in the state of New Jersey. Upon that day he left the state of New Jersey and went to live in a boarding house in the city of Mt. Vernon, Westchester county, N. Y.

In a learned argument, counsel for the appellant contends that the courts of this state have no jurisdiction of the cause of action, because the defendant is a foreign corporation and the plaintiff is not a resident of the state of New York; and Hislop v. Taaffe, 141 App. Div. 40, 125 N. Y. Supp. 614, is cited in support of this contention. I think that case is distinguishable from the one at bar, because there

---

the defendant had no intention of making his domicile in Westchester county; in fact, it was conceded that his only purpose in going to that county was to enable him to bring his action there, while in this case the plaintiff testified that he did not come to Westchester county for the purpose of bringing the action, but that after some disagreement with his father, in consequence of which he "lost his home," he left the father's residence and went to Westchester county to live. There is another answer to the contention of the defendant, which is that the question of jurisdiction is not raised by the answer, and the proof upon the subject is limited to the testimony of the plaintiff.

I think that, within the rule declared in Bump v. N. Y., N. H. & H. R. R. Co., 38 App. Div. 60, 55 N. Y. Supp. 962, and 165 N. Y. 636, 59 N. E. 1119, the evidence is sufficient to sustain a finding that the plaintiff was a resident of the state of New York at the time he commenced his action. The question might have been submitted to the jury, if counsel had been so advised. Phelps v. N. Y., N. H. & H. R. R. Co., 17 App. Div. 392, 45 N. Y. Supp. 178; Barker v. Cunard Steamship Co., 91 Hun, 495, 36 N. Y. Supp. 256. This, however, was not done, and the question must be regarded as properly determined. The fact that the plaintiff is engaged in no business in Westchester county, and has not sought work there, is of no importance in determining the question of his residence; for it is proven that he is without financial ability to engage in business, and is unable physically to do any work. There is no proof of any intention on his part to return to his former home in New Jersey after the litigation is concluded. He says he intends to go wherever he can do the best with his money, "Mt. Vernon or any other town." He had lived at Mt. Vernon for seven months. These facts are undisputed, and cannot be ignored.

After a careful consideration of all of the questions involved upon this appeal, we are of the opinion that the case is free from error, and that the judgment and order must be affirmed, with costs. All concur.