MICHAEL WOICIANOWICZ, Appellant, v. PHILADELPHIA AND
READING COAL AND IRON COMPANY, Respondent.

Appeal — when only statement in order of reversal is a con-
clusion of law Court of Appeals must assume that facts have
been passed upon by Appellate Division and affirmed — when
question as to residence of plaintiff at time of bringing action
properly submitted to jury — sufficiency of evidence as to
negligence and freedom from contributory negligence to present
question of fact.

1. An adjudication by the Appellate Division that the judgment
and order appealed from be reversed and the complaint dismissed
" on the ground that the plaintiff was not a *bona fide* resident of the
state of New York and that the action should have been brought in
Pennsylvania " constitutes a determination as a matter of law that
there is no evidence to sustain a finding that the plaintiff was a *bona
fide* resident of the state of New York and, where no other question
of fact is specified or referred to in the order, this court must assume
that all other questions of fact have been passed upon by the Appellate
Division and affirmed in the plaintiff's favor.   (Code Civ. Pro. § 1338.)

2. In an action brought by plaintiff for damages sustained by him
in the defendant's coal mine in Pennsylvania, testimony that after
plaintiff had been discharged by defendant in Pennsylvania he came
to New York and obtained work, that in March of 1916 he brought
his family to New York and that since the time he first came he had
not been back to Pennsylvania but had lived continuously in this
state and that it was his intention to stay here permanently, presents
a question of fact which the trial court properly left to the jury to
determine as to whether or not at the time of bringing this action
plaintiff was a *bona fide* resident of this state.   The Appellate Division
was in error in determining as matter of law that there was no such
issue, that the plaintiff was not a resident of New York state and
that his complaint should be dismissed.

3. Upon examination of the testimony as to negligence and freedom
from contributory negligence, *held*, that there was sufficient evidence
in plaintiff's favor to require submission to the jury.

*Woicianowicz* v. *P. & R. Coal & Iron Co.*, 186 App. Div. 906,
reversed.

(Argued October 18, 1921; decided December 16, 1921.)

Appeal from a judgment, entered December 31, 1918, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff, entered upon a verdict and directing a dismissal of the complaint.

*John C. Robinson* for appellant. The Appellate Division erred in reversing the judgment and order of the Trial Term and dismissing the complaint. (*Ubart* v. *B. & O. R. R. Co.*, 117 App. Div. 831; *Persick* v. *Phila. & Reading Co.*, 182 App. Div. 291; *Crowley* v. *Royal Exchange Shipping Co.*, 10 Daly, 409; 89 N. Y. 607; *Johnson* v. *Adams Tobacco Co.*, 14 Hun, 89; *Phila. & Reading Railway Co.* v. *Sherman*, 230 Fed. Rep. 814; *Borckman* v. *Terry Construction Co.*, 216 N. Y. 139; *Faber* v. *City of New York*, 213 N. Y. 411; *Clancy* v. *N. Y., N. H. & Hart. R. R. Co.*, 201 N. Y. 235; *Middleton* v. *Whitridge,* 213 N. Y. 499; *Junkerman* v. *Tilyou Realty Co.*, 213 N. Y. 404.) The evidence as to defendant's negligence presented a question of fact for the jury. (*Volkmar* v. *Manhattan Ry. Co.*, 134 N. Y. 418; *Irish* v. *Union B. & P. Co.*, 103 App. Div. 45, 52; 183 N. Y. 508; *Dean* v. *T. A. R. R. Co.*, 34 App. Div. 220; *Faith* v. *N. Y., etc., R. R. Co.*, 109 App. Div. 222; 185 N. Y. 556; *Barrett* v. *L. O., etc., Co.,* 174 N. Y. 310; *Jenks* v. *Thompson,* 179 N. Y. 20; *Welle* v. *Celluloid Co.*, 175 N. Y. 401.)

*Pierre M. Brown* for respondent. The Appellate Division was justified in finding that the plaintiff was not a *bona fide* resident of this state. This court cannot review its conclusion. (*Meyer* v. *Clark*, 45 N. Y. 288; *Chapman* v. *Erie Ry. Co.*, 55 N. Y. 587; *Matter of Newcomb*, 192 N. Y. 238; *Bagdon* v. *P. & R. Coal & Iron Co.*, 178 App. Div. 662; *U. S. Trust Co.* v. *Hart,* 150 App. Div. 413; 208 N. Y. 617; *Matter of Lydig*, 191 App. Div. 117; *Matter of Nichols*, 54 N. Y. 62; *Phillips* v. *Lindley*, 112 App. Div. 283; 188 N. Y. 606; *Hislop*

17

v. *Taafe,* 141 App. Div. 40; *Dupuy* v.· *Wurtz,* 53 N. Y. 556; *Barker* v. *Cunard S. S. Co.,* 91 Hun, 496, 497; 157 N. Y. 693.) The case should not have been submitted to the jury on the question of liability, as the plaintiff failed to establish negligence on the part of the defendant. (*O'Donnell* v. *P. & R. Coal & Iron Co.,* 249 Penn. St. 497.)

CRANE, J. This action was brought by the plaintiff for damages sustained by him in the defendant's coal mine in Shenandoah, Pennsylvania, where he was employed. The complaint alleged that the plaintiff was a resident of the city and state of New York which was denied by the answer. The defendant also pleaded as a separate and distinct defense that the plaintiff was a non-resident and that it was a non-resident corporation. The court charged the jury among other things as follows:

" I will charge the jury without any qualification on that if the jury find this plaintiff came here to New York for the particular purpose of bringing this particular lawsuit and for that purpose alone, and that his residence here is not *bona fide,* it is their duty to find in favor of the defendant. Do you want it any differently? I will take your word for it.

" Mr. Brown: I think that is substantially so. If the jury believe the plaintiff came to New York for the purpose of bringing this action without the intention of becoming a resident, their verdict must be for the defendant."

" The Court: I so charge at the request of both counsel."

The Appellate Division by its order adjudged that the judgment and order appealed from be reversed and the complaint dismissed " on the ground that the plaintiff was not a *bona fide* resident of the state of New York and that the action should have been brought in the state of Pennsylvania."

Pursuant to the provisions of section 1338 of the Code of Civil Procedure we must assume that all other questions of fact have been passed upon by the Appellate Division and affirmed in the plaintiff's favor.

By that section it must be conclusively presumed that the judgment was not reversed or a new trial granted upon a question of fact unless the particular question is specified and referred to in the order appealed from. The only reference in the order is to the fact regarding the' plaintiff's residence.

As to this the Appellate Division have determined as a matter of law that there is no evidence to sustain a finding that the plaintiff was a *bona fide* resident of the state of New York.

In this we think the Appellate Division was in error.

The plaintiff testified that after he had been discharged by the defendant in Pennsylvania and being unable to get further work there, he came to New York at the invitation of a friend and obtained work in a pipe factory; that in March of 1916 he brought his family to New York and that since the time he first came he had not been back to Pennsylvania, but had lived at Woodhaven, New York, for about six months and thereafter went to live at 442 Greenwich street, New York city, until he moved to Greenpoint avenue, Brooklyn, which was his residence at the time of the trial. He also testified that when he came to New York city it was his intention to stay here permanently.

Upon this testimony we think a question of fact was raised which the court very properly left to the jury to determine as above stated whether or not at the time of bringing this action the plaintiff was a *bona fide* resident of this state and that the Appellate Division was in error in determining as a matter of law that there was no such issue, that the plaintiff was not a resident of New York state and that his complaint should have been dismissed.

As the above was the only question of fact which the Appellate Division disapproved and all other questions of fact being approved, pursuant to the terms and provisions of section 1338 of the Code of Civil Procedure above referred to, the judgment of the Appellate Division must be reversed, unless there was error in the law. Whether there was any evidence of negligence and freedom from contributory negligence presents a question of law reviewable on this appeal. We have examined the evidence and conclude that there was sufficient evidence in the plaintiff's favor to require submission of this case to the jury.

The judgment appealed from should be reversed, and that of Trial Term affirmed, with costs in this court and in the Appellate Division.

McLAUGHLIN, J. (dissenting). On the 4th of August, 1913, the plaintiff, while at work for defendant, a foreign corporation, in its coal mine in Pennsylvania, sustained serious injuries. He brought this action to recover damages therefor on the theory that the same were caused by the negligence of the defendant. Plaintiff had a verdict for a substantial amount, upon which judgment was entered, and defendant appealed. The judgment was reversed and the complaint dismissed, upon the ground, as appears from the order of reversal, " that the plaintiff was not a *bona fide* resident of the state of New York and that the action should have been brought in the state of Pennsylvania." Plaintiff appeals to this court.

. Personally, I am of the opinion, for the reasons stated in the order of reversal, that the complaint was properly dismissed upon the facts set out in the record.

The accident occurred in Pennsylvania. Plaintiff then was and for a long time had been a resident of that state. Defendant was organized under the laws of that state and there transacted business. Whether or not it be liable depends largely upon the construction and

applicability of the statutes of Pennsylvania, where substantially all the testimony bearing upon the question of liability must be obtained.

The provision in the order of the Appellate Division, reversing the judgment and dismissing the complaint, above quoted, seems to me to be a finding of fact, or at least a mixed finding of fact and law. This finding was unanimously made and it cannot be said there is no evidence to sustain it. The court, therefore, in the exercise of its discretion, was justified in declining to take jurisdiction of the action, and in remitting plaintiff to the courts of Pennsylvania. A majority of this court, however, is of the opinion that it does not constitute a finding of fact, but is a conclusion of law, and that the Appellate Division was not justified, in view of the evidence adduced at the trial, in holding as matter of law that the plaintiff, at the time the action was commenced, was not a *bona fide* resident of the state of New York. The conclusion at which I have arrived makes it unnecessary to pass upon this question, since viewing the evidence in the most favorable light to the plaintiff it did not justify a finding that his injuries were caused by defendant's negligence.

In the defendant's mine there are two chambers, one practically underneath the other. Access to and from these chambers was by means of an elevator to the first chamber, then by walking through it to another elevator to the second chamber. In the first chamber there were several railroad tracks which, as they approached the first elevator, inclined slightly towards it. The coal mined was placed in cars drawn along the tracks by mules in charge of a driver. When the cars reached a few feet from the elevator the mules were unhitched and the cars spragged, which consisted of workmen known as spraggers inserting thick pieces of wood about two feet long between the spokes of the wheels of the cars. The spragging was done while the cars were in motion

and the sprags inserted in the spokes of the two wheels on one side of the cars. The cars were moved along these tracks in trains, or what is described in the record as trips.

Immediately prior to the accident three cars had been moved along the track to within a few feet of the elevator, preparatory to putting them in the elevator and taking them to the surface. The car nearest to the elevator had been moved forward and while being pushed into the elevator it in some way became partially derailed. The plaintiff had been at work in the lower chamber. He took the elevator to the first chamber, walked through it and was standing by the side of the elevator when he was directed by the certified foreman of the mine to assist other employees in getting the car on to the tracks and pushing it into the elevator. While thus engaged, another employee hauled over these tracks, with three mules, a train consisting of seven cars loaded with coal. Such cars, in turn, were to be put into the elevator and taken up. Through the negligence of the driver of the mules, or the negligence of the person who was assigned to the duty of controlling the speed of the cars by spragging them, that train came in contact with the two cars left standing upon the track near the elevator with such force that the two cars were forced forward and thus the plaintiff was injured.

The fact was not disputed that there were plenty of sprags which could have been used and that the person assigned to do that work was a competent spragger, nor was the fact disputed that on account of the speed with which the mules were driven, due to the negligence of the driver, the spragger was unable to sprag all of the cars in the train. There was a conflict in the evidence as to whether the two cars standing on the track were spragged. The sprags had to be removed before the cars could be put into the elevator.

The trial court held if the accident were due to the

negligence of the driver of the mules, the defendant was not liable, since he was a co-servant of the plaintiff and did not come within the exceptions mentioned in the statute. It also charged, to which an exception was taken, that if the accident were due to the fact that the two cars were not spragged, defendant was liable, since it was its duty, acting through its foreman, to see to it that these cars were spragged before placing plaintiff in the position he was in at the time he was injured.

I am of the opinion this exception was well taken. There is no doubt that the proximate cause of the injury was the negligence of the driver of the mules, or of the spragger assigned to sprag the cars in that train. There is no evidence whatever that if the two cars standing on the track had been spragged that the cars would not have been pushed forward precisely as they were. It is a mere guess or conjecture that if the two cars had been spragged the accident would not have occurred. The accident, it seems to me, was due solely to the negligence of the driver of the mules or to the negligence of the spragger or both and it was not questioned upon the trial that if that were the cause of the accident defendant was not liable. The jury was so instructed. Plaintiff's attorney accepted such instruction as the law of the case. Therefore, irrespective of whether the court ought to have taken jurisdiction of the action, I am of the opinion the Appellate Division was right in reversing the judgment and dismissing the complaint, even though it be conceded that the reasons assigned therefor were erroneous.

I vote to affirm the judgment of the Appellate Division.

Hiscock, Ch. J., Hogan, Cardozo, Pound and Andrews, JJ., concur with Crane, J.; McLaughlin, J., reads dissenting opinion.

Judgment reversed, etc.