BENNY GREGONIS, Appellant, *v.* PHILADELPHIA AND READING COAL AND IRON COMPANY, Respondent.

Jurisdiction — court — actions for tort transitory — action for negligence arising in another state maintainable by resident of this state against foreign corporation — courts without discretion to decline jurisdiction — where evidence sufficient to create question of fact Appellate Division may not dismiss complaint.

1. Torts are transitory actions and can be brought, as a general rule, in any state where the courts have jurisdiction over the parties.

2. An action may be maintained by a resident of this state against a foreign corporation for any cause of action.  (Code Civ. Pro. § 1780; Gen. Corp. Law, § 46.)

3. The courts of this state may entertain jurisdiction of a negligence case arising in another state where the plaintiff is a resident or non-resident of this state.  As to non-residents the courts may, in the exercise of their discretion, refuse to entertain jurisdiction but as to residents of this state the courts have no discretion in the matter and are without power to dismiss the complaint because the tort happened in a foreign state and was governed somewhat by the statutes of that state.

4. Where in such an action there was evidence sufficient to create a question of fact as to residence, the Appellate Division might have reversed upon the weight of evidence and granted a new trial, but could not dismiss the complaint.  (*Woicianowicz* v. *P. & R. C. & I. Co.*, 232 N. Y. 256, followed.)

*Gregonis* v. *P. & R. Coal & Iron Co.*, 188 App. Div. 975, reversed.

(Argued January 22, 1923; decided March 6, 1923.)

APPEAL from a judgment, entered July 25, 1919, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment

in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*John C. Robinson* and *Morris A. Wainger* for appellant. The reversal and dismissal " upon the ground that at the time of the commencement of this action plaintiff was not a *bona fide* resident of the State of New York " was error. (*Woicianowicz* v. *P. & R. C. & I. Co.*, 232 N. Y. 256.) The reversal and dismissal " upon the ground that this court, in the exercise of its discretion, declines to entertain jurisdiction of this action even if plaintiff was a resident of the state of New York at the time of the commencement of the action " was error. (*Tullock* v. *D., L. & W. R. R. Co.*, 127 N. Y. Supp. 946; 147 App. Div. 524; 205 N. Y. 576; *Kleps* v. *Bristol Mfg. Co.*, 107 App. Div. 488; 189 N. Y. 516; *Bump* v. *N. Y. & H. R. R. Co.*, 38 App. Div. 60; 165 N. Y. 636.) The vesting in the Supreme Court of the right, in its discretion, to refuse or consent, as it sees fit, to entertain jurisdiction of a transitory cause of action, where it has jurisdiction of the person of the defendant and the subject-matter of the action, and the plaintiff is a *bona fide* resident of the state of New York, would be a violation of the Fourteenth Amendment of the Constitution of the United States, and also of article 1, section 1, of the Constitution of the state of New York. (*People* v. *Priest*, 206 N. Y. 274; *S. L. Iron Co.* v. *Wakefield*, 247 U. S. 350; *Fraser* v. *McConway & Torley Co.*, 82 Fed. Rep. 257; *People* v. *Crane*, 214 N. Y. 154, 169; *Neal* v. *Delaware*, 103 U. S. 370, 397; *Raymond* v. *C. U. Tract. Co.*, 207 U. S. 20; *Home Tel. & Tel. Co.* v. *City of Los Angeles*, 227 U. S. 278; *Jersey City* v. *Cent. R. R. of N. J.*, 212 Fed. Rep. 76; *Railroad Tax Cases*, 13 Fed. Rep. 722; *Santa Clara Co.* v. *Southern Pac. R. R. Co.*, 18 Fed. Rep. 385; 118 U. S. 394.)

*Pierce M. Brown* for respondent. The Supreme Court had the right to refuse to entertain jurisdiction even if the jury had found plaintiff was a resident. (*Waisikoski*

v. *P. & R. C. & I. Co.*, 228 N. Y. 581; *Woicianowicz* v.
*P. & R. C. & I. Co.*, 232 N. Y. 256; *Gibbs* v. *Queen Ins.
Co.*, 63 N. Y. 114; *Pietraroia* v. *N. J. & H. Ry. Co.*, 197
N. Y. 434; *Zukas* v. *L. V. Coal Co.*, N. Y. L. J. Feb. 20,
1918; *D., L. & W. R. R. Co.* v. *N. Y., S. & W. R. R. Co.*,
12 Misc. Rep. 230; *Hoyt* v. *Thompson*, 5 N. Y. 320;
*Mexican Ry. Co.* v. *Jackson*, 89 Tex. 107; *Blanchard* v.
*Russell*, 13 Mass. 5; *Slater* v. *M. N. R. R. Co.*, 194 U. S.
120.)

CRANE, J. This action was brought to recover for
personal injuries received while working for the defendant
in its coal mines in Pennsylvania. At the time of the
accident, December 28, 1915, the plaintiff was a resident
of the state of Pennsylvania. Before bringing this action
he had, however, moved into the state of New York, and
there was sufficient evidence introduced on the trial to
warrant the jury in answering the questions submitted
by the court in the plaintiff's favor. These questions
were as follows:

Was the plaintiff a *bona fide* resident of the state of
New York at the time he commenced this action?

The answer was yes.

Was the plaintiff's sole object in coming to New York
to maintain this action?

The answer was no.

The judgment entered upon a verdict for the plaintiff
was reversed by the Appellate Division, which by a
resettled order, entered the 17th day of April, 1922, made
the following direction: " Ordered that the judgment and
the order denying the motion for a new trial herein be
unanimously reversed and the complaint dismissed, upon
the ground that at the time of the commencement of this
action plaintiff was not a *bona fide* resident of the State
of New York.

" Further ordered that the judgment herein be unani-
mously reversed and the complaint dismissed, upon the

ground that this court in the exercise of its discretion declines to entertain jurisdiction of this action even if the plaintiff was a resident of the State of New York at the time of the commencement of the action, for the following reasons: That the accident which is the subject of the action occurred in the State of Pennsylvania; that plaintiff was at the time a resident of that State, and the defendant a corporation organized under the Laws of that State and transacting business there; that the claim presented by plaintiff depends largely upon the construction and applicability of the statutes of the State of Pennsylvania enforcing rules which do not prevail in the State of New York; that it is evident from the testimony that the plaintiff came here or was brought here for the purpose of instituting this action in the courts of this State."

The Appellate Division dismissed the complaint. As there was evidence sufficient to create a question of fact as to residence, the Appellate Division might have reversed upon the weight of evidence and granted a new trial but could not dismiss the complaint. (*Woicianowicz* v. *P. & R. Coal & Iron Co.*, 232 N. Y. 256.) It went further, however, and assumed that if the plaintiff were a resident of the state of New York the Supreme Court had the discretion and the power to dismiss the complaint because the tort happened in Pennsylvania and was governed somewhat by the statutes of that state. The question is, therefore, squarely presented to us, whether or not the Supreme Court has any such power over an action brought by a *resident* of the state of New York. Torts are transitory actions and can be brought, as a general rule, in any state where the courts have jurisdiction over the parties. (*Crashley* v. *Press Publishing Co.*, 179 N. Y. 27.) The courts of this state *may* entertain jurisdiction of a negligence case arising in another state, where the plaintiff is a resident or non-resident of this state. As to non-residents, the courts have many times refused to entertain jurisdiction in the exercise of their discretion.

As to a resident, however, a different question arises and a different law is applicable. Can the Supreme Court refuse to hear a case against a foreign corporation brought by one resident of this state, where the tort occurred outside the state, and entertain jurisdiction for another resident upon the same state of facts? If it has discretion to refuse jurisdiction in the one instance, it must have a like discretion to entertain it in the other. Discretion implies a power to make a choice. We do not think that as to a resident of this state the court has any such discretion. The statutes from a very early date have controlled or regulated somewhat the right of a resident to bring an action against a non-resident corporation. In *Robinson* v. *Oceanic Steam Navigation Co.* (112 N. Y. 315, p. 322) it was said: " The Supreme Court, being a court of general jurisdiction, could independently of any statute entertain actions against foreign corporations. Such corporations could by the common law always be sued in this State by any plaintiff for any cause of action, provided jurisdiction could be obtained of their persons." We find as early as 2 Revised Statutes, part 3, chapter 8, title 4, article I, section 15, the following provision: " Suits brought in the Supreme Court by residents of this state against any corporation created by or under the laws of any other state, government or country, for the recovery of any debt or damages, may be commenced by attachment." The notes of the revisers had this to say: " The fair protection of our own citizens requires that some provision should be made to render such corporations amenable to our laws and in our own courts."

An amendment by chapter 107 of the Laws of 1849 reads as follows:

" § 1. § 15, Art. I, Title 4, Chap. 8, Part 3rd of the Revised Statutes, is hereby amended so as to read as follows:

" § 15. Suits may be brought (in the Supreme Court, in the Superior Court of the City of New York and in the

Court of Common Pleas in and for the City and County of New York) against any corporation created by or under the Laws of any other State, government or country, for the recovery of any debt or damages, whether liquidated or not, arising upon contract made, executed or delivered within this State or upon any cause of action arising therein. Such suits may be commenced by complaint and summons, together with an attachment as now provided by law, and such complaint and summons may be served as provided by sections 113 and 114 of the Code of Procedure."

The Code of Procedure (Laws of 1849, chap. 438) contained the following provision:

" § 427. An action against a corporation created by, or under the laws of any other state, government, or country, may be brought in the Supreme Court, the Superior Court of the city of New York or in the Court of Common Pleas for the city and county of New York in the following cases:

" 1. By a resident of this State for any cause of action.

" 2. By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State."

These provisions passed over into the Code of Civil Procedure (§ 1780) wherein they were changed to read as follows:

"An action against a foreign corporation may be maintained by a resident of the State or by a domestic corporation for any cause of action. An action against a foreign corporation may be maintained by another foreign corporation or by a non-resident, in one of the following cases only:

" 1. Where the action is brought to recover damages for the breach of a contract made within the State, or relating to property situated within the State, at the time of the making thereof.

" 2. Where it is brought to recover real property

situated within the State, or a chattel, which is replevied within the State.

"3. Where the cause of action arose within the State, except where the object of the action is to affect the title to real property situated without the State."

By an amendment (Chap. 60, Laws of 1913) a fourth provision was added:

"4. Where a foreign corporation is doing business within this state."

Prior to the provisions of the Revised Statutes, the Supreme Court had no jurisdiction against a foreign corporation unless it could obtain jurisdiction of the person of such corporation. Thereafter jurisdiction might be obtained by attachment in favor of a resident of the state. (*Ladenburg* v. *Commercial Bank*, 87 Hun, 269; affd., 146 N. Y. 406.) Then came the provisions of the Code and the Code of Civil Procedure, which extended the jurisdiction of the Supreme Court to a resident of this state for any cause of action against a foreign corporation.

A distinction has always been maintained, however, by the statutes between a resident and a non-resident plaintiff. A thorough search of the authorities from the enactment of the Revised Statutes down to the present day has failed to disclose a single instance wherein the courts of this state have refused to entertain jurisdiction over a foreign corporation in behalf of a *resident* for a cause of action arising out of the state. I do not refer to cases where the courts had not jurisdiction of the subject-matter of the litigation; I am speaking here of those transitory causes of action such as contract and tort cases, where the courts had jurisdiction of both parties. Never has the Supreme Court refused jurisdiction in such instances to a resident of the state. On the contrary, it has always assumed jurisdiction of such actions. (*Tullock* v. *D., L. & W. R. R. Co.*, 147 App. Div. 524; affd., 205 N. Y. 576; *Kleps* v. *Bristol Mfg. Co.*, 107 App. Div. 488; affd., 189 N. Y. 516; *Bump* v. *N. Y. &*

*H. R. R. Co.,* 38 App. Div. 60; affd., 165 N. Y. 636.) The courts of this state were primarily for the residents of this state. There must be some forceful and controlling reason entering into the very nature and essence of the action which would close their doors to its own citizens. If we should hold that the Supreme Court had discretion to refuse to hear a case brought by a resident upon a cause of action in tort against a foreign corporation arising in another state, why should it not have like discretion regarding an action upon contract made and executed in another state? Such a result would be unworkable as well as unreasonable. In fact, it has been held that the power to refuse to entertain jurisdiction of a tort action brought by a *non-resident* did not extend to actions on contract brought by a non-resident. (*Werthheim* v. *Clergue,* 53 App. Div. 122, pp. 125, 126; *Furbush* v. *Nye,* 17 App. Div. 325.)

A selection between resident plaintiffs — opening the courts to one and closing them to the other — would probably run counter to the constitutional provisions of section 1 of the Fourteenth Amendment of the Constitution of the United States, which reads: " Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws;" and section 1 of article I of the Constitution of the state of New York, which provides: " No member of this State shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers." When the Supreme Court says to one resident plaintiff, " We will not hear your case against a Pennsylvania corporation for a tort committed within that State," and has the power to say to another resident, " We will hear your case on like facts," it comes very near to a violation of these constitutional provisions. (*Robinson* v. *Oceanic Steam Navigation Co.,* 112 N. Y. 315, p. 324.)

The Appellate Division has said, in its reasons for rejecting this case, that the claim presented by the plaintiff depends largely upon the construction and applicability of the statutes of the state of Pennsylvania enforcing rules which do not prevail in the state of New York. Does not this same difficulty arise over every foreign contract and foreign will? The courts have never hesitated to construe the law of the place of contract or the law of the domicile. We have recently held (*Loucks* v. *Standard Oil Co.,* 224 N. Y. 99) that when a foreign statute gives a right, the mere fact that we do not give a like right is no reason for refusing to help the plaintiff in getting what belongs to him, and that the courts are not free to refuse to enforce a foreign right at the pleasure of the judges, to suit the individual notion of expediency or fairness. (See, also, *Cofrode* v. *Circuit Judge,* 79 Mich. 332.)

On the other hand, by a long line of authorities the courts have repeatedly refused in their discretion to entertain jurisdiction over causes of action arising out of a tort committed in a foreign state, where both the plaintiff and the defendant were *non-residents.* (*Pietraroia* v. *New Jersey & Hudson R. Ry. & F. Co.,* 197 N. Y. 434; *Hoes* v. *N. Y., N. H. & H. R. R. Co.,* 173 N. Y. 435; *Hutchinson* v. *Ward,* 192 N. Y. 375; *Collard* v. *Beach,* 81 App. Div. 582; *Zeikus* v. *Florida East Coast R. R. Co.,* 144 App. Div. 91.) The reason for this exception is stated in the cases, and the rule has been too firmly imbedded in our jurisprudence to justify modification without legislative action. The courts also have been obliged to reject litigation even by residents where it was futile and useless to assume jurisdiction. This has been called lack of jurisdiction over the subject-matter. Thus, one state will not give effect to rights arising under the penal laws of another state (*Raisor* v. *C. & A. R. Co.,* 215 Ill. 47), nor enforce or regulate the internal workings of a foreign corporation (*Marshall* v. *Sherman,*

1923.] Opinion, per CRANE, J. [235 N. Y. 152]

148 N. Y. 9; *Post & Co.* v. *Toledo, C. & St. L. R. R. Co.,* 144 Mass. 341, p. 345), nor entertain actions which relate directly to real property situated in a foreign state. (*Alger* v. *Alger*, 31 Hun, 471.) Neither will it enforce a foreign law which conflicts with its own settled policy or is adverse to principles of abstract justice. (*Loucks* v. *Standard Oil Co., supra.*) It may be also that the courts of this state will not feel inclined to take jurisdiction where a right is given by a foreign statute which provides an exclusive remedy to be enforced in a particular way or before a special tribunal. (*Coyne* v. *Southern Pacific Co.,* 155 Fed. Rep. 683; *Southern Pacific Company* v. *Dusablon,* 48 Tex. Civ. App. 203; *Hutchinson* v. *Ward,* 192 N. Y. 375.) The court here, however, has both jurisdiction of the parties and of the subject-matter.

We are, therefore, of the opinion that, assuming as we must, this plaintiff to be a *bona fide* resident of the state of New York, the Supreme Court could not refuse to hear his case and had no right to dismiss it.

Following *Woicianowicz* v. *Phila. & Read. Coal & Iron Co.* (232 N. Y. 256) the judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and McLAUGHLIN, JJ., concur; ANDREWS, J., absent.

Judgment accordingly.