THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH C. STENCIL and THEODORE HILLMAN, Appellants, v. HENRY HULL, as Sheriff of the County of Orange, Respondent.— Order dismissing writ of habeas corpus affirmed, on authority of *People* v. *Hillman* [*ante*, p. 792], decided herewith. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

MARTIN SCHNIBBE and Others, Respondents, v. FRED GLENZ and KATIE GLENZ, Appellants.— Order and judgment entered thereon affirmed, with ten dollars costs and disbursements. Kelly, P. J., Manning, Kapper and Lazansky, JJ., concur; Young, J., dissents upon the ground that the acts complained of did not constitute a violation of the covenant referred to. (*Smith* v. *Graham*, 217 N. Y. 655.) Settle order on notice.

SIGMUND SEIDEN, Respondent, v. S. S. & S. BUILDING CORPORATION and EAGLE INDEMNITY COMPANY, Appellants. SOL UNGER and Others, Respondents; CHARLES KORNFELD and Others, Defendants.— Judgment unanimously affirmed, with costs to each respondent appearing and filing a brief on this appeal. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

JACOB SHAPIRO, Respondent, v. ATLANTIC SERVICE COMPANY, INC., and GEORGE A. WIEDEMANN, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

ALBERT R. SMITH, Suing in Behalf of Himself and Other Stockholders of TRIPLEX GOLD MINES, LTD., Similarly Situated, Excepting DUNCAN B. HARRISON and ETHEL G. HARRISON, Respondent, v. DUNCAN B. HARRISON and ETHEL G. HARRISON, Appellants. TRIPLEX GOLD MINES, LTD., Defendant. (Appeal No. 1.) — Order denying motion of indivdual defendants, appellants, to dismiss complaint for lack of jurisdiction, affirmed, with ten dollars costs and disbursements. We are of opinion that upon the facts disclosed by the record the retention of the case rested in the discretion of the learned court at Trial Term. The individual defendants were served with process in the State of New York, they appeared generally and answered without raising the question of jurisdiction. The attachment issued in the action was sustained, and no appeal was taken from the order denying their motion to vacate it. This question of jurisdiction was not raised until the action was called for trial six months after it was commenced. While it is true that the question of jurisdiction may be raised at any time, we think the learned justice at Trial Term was right in denying the motion. (*Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152.) Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.