**PANSTWOWE ZAKLADY GRAVIOZNE v. AUTOMOBILE INS. CO. OF HARTFORD et al.**

District Court, S. D. New York. February 7, 1928.

Granville W. Byrne, of New York City (Willard S. McKay, of New York City, of counsel), for plaintiff.

Cravath, Henderson & deGersdorff, of New York City (E. Gardner Prime, of New

York City, of counsel), for defendant Railroad Company.

THACHER, District Judge (after stating the facts as above). This action is here upon removal from the state court pursuant to petition of defendant insurance company. When the petition was filed, a motion made by defendant railroad company to dismiss the complaint for lack of jurisdiction of the subject of the action was pending in the state court. This motion has now been renewed in this court.

Jurisdiction of the person of the defendant is not questioned. The objection is that the court should not entertain jurisdiction of the subject of the action: First, because under the state practice the state court would have declined to do so; and, second, because the state statute authorizing suit by a nonresident against a foreign corporation solely because it does business in the state, if applied so as to authorize this action against the defendant railroad company, would impose an unreasonable burden upon interstate commerce and would violate the commerce clause of the Federal Constitution.

■ It is by no means clear that jurisdiction would have been declined under the local rule of practice recently stated by the Court of Appeals in Murnan v. Wabash Railway Co., 246 N. Y. 246, 158 N. E. 508, 509, 54 A. L. R. 1522, as follows:

"Section 47 of the General Corporation Law (Consol. Laws, c. 23) provides:

" 'An action against a foreign corporation may be maintained by another foreign corporation, or by a nonresident, in one of the following cases only: * * * 4. Where a foreign corporation is doing business within this state.'

"Although the rule prohibits a court of general jurisdiction from refusing to exercise its jurisdiction in its discretion, it has often been held that the courts of this state may refuse in their discretion to entertain jurisdiction over causes of action arising out of a tort committed in a sister state where both the plaintiff and defendant are nonresidents. Gregonis v. P. & R. Coal & Iron Co., 235 N. Y. 152, 160, 139 N. E. 223, 32 A. L. R. 1, and cases cited."

That the rule is regarded as applicable only in tort cases is further indicated by what was said in Gregonis v. P. & R. Coal & Iron Co., 235 N. Y. 152, 159, 139 N. E. 223, 225, 32 A. L. R. 1, as follows: "In fact, it has been held that the power to refuse to entertain jurisdiction of a tort action brought by a nonresident did not extend to actions on

contract brought by a nonresident. Wertheim v. Clergue, 53 App. Div. 122, 125, 126, 65 N. Y. S. 750; Furbush v. Nye, 17 App. Div. 325, 45 N. Y. S. 214.

The rule as stated by the Court of Appeals has no application to such a case as this, where the suit is upon a contract, and upon this question of local practice the law of the state as declared by the Court of Appeals is binding.

■ Coming, then, to the second ground urged in support of the contention that the state court did not have jurisdiction of the subject-matter, it appears that the defendant railroad company is engaged in interstate commerce, and that recovery is sought against it for loss of merchandise shipped under a bill of lading issued in Illinois, pursuant to which the merchandise was transported to Baltimore and there trans-shipped on board a vessel to a port in Europe. So far as appears, the transaction was in no way connected with this state, or with any agency of the defendant located here. True, the defendant does business here, and appeared generally in the state court, but prior to removal of the cause its motion to dismiss the complaint upon the ground that the court did not have jurisdiction of the subject of the action was presented in the state court. In terms, the state statute is broad enough to authorize this suit, but an application of the statute subjecting the defendant to the necessity of defending such claims in the courts of New York would impose upon its conduct of interstate commerce unreasonable burdens, and the statute so construed and applied would violate the commerce clause. Davis v. Farmers' Co-operative Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996; Atchison Ry. Co. v. Wells, 265 U. S. 101, 44 S. Ct. 469, 68 L. Ed. 928. The fact that the defendant railroad company is engaged in business in the state, and by doing business here has consented to be sued here, is no basis for the assertion of jurisdiction of actions by nonresidents which arise in other states and which are entirely disconnected with the business it does here. Simon v. Southern Ry., 236 U. S. 115, 130, 35 S. Ct. 255, 59 L. Ed. 492; Old Wayne Life Ass'n v. McDonough, 204 U. S. 10, 22, 27 S. Ct. 236, 51 L. Ed. 345. Nor was the objection to the exercise of such jurisdiction waived by the appearance of the defendant, because the jurisdictional objection is to the subject-matter, namely, that the cause of action arose in another state, between nonresidents of the forum, and cannot be tried here without imposing unreasonable burdens upon interstate

commerce. Jurisdiction of the subject of action may be challenged after general appearance. Phila. & Reading Ry. Co. v. Sherman, 230 F. 814 (C. C. A. 2d). It follows that the state court was without jurisdiction to entertain the cause of action, and removal of the cause from the state court cannot give jurisdiction when the state court had none. Had suit been originally commenced in this court, the defendant could have successfully objected to being sued here, because none of the parties reside in. the district. Section 51, amended, Judicial Code (28 USCA § 112). The state court having had no jurisdiction to entertain the suit, there is no authority under which jurisdiction may be retained here. Venner v. Michigan Central R. Co., 271 U. S. 127, 128, 46 S. Ct. 444, 70 L. Ed. 868. No such question was presented in Lee v. Chesapeake & Ohio Ry. Co., 260 U. S. 653, 43 S. Ct. 230, 67 L. Ed. 443, or General Inv. Co. v. Lake Shore Ry. Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244.

Result is that complaint must be dismissed as against the defendant Baltimore & Ohio Railroad Company, without prejudice to any suit in a proper forum.