## SUMMERALL v. UNITED FRUIT CO.

District Court, S. D. New York.
Aug. 20, 1935.

Gazan & Caldwell, of New York City, for plaintiff.

W. Dale Williams, of New York City, for defendant.

HULBERT, District Judge.

Motion to dismiss complaint upon the ground that this court has neither jurisdiction of the person of the defendant nor the subject-matter of the action, pursuant to rule 107, New York Rules of Civil Practice.

Plaintiff, a seaman and member of the crew of the steamship Metapan owned and operated by the defendant, sues to recover the sum of $25,000 damages alleged to have been sustained in his line of duty owing to the negligence of a fellow servant while said vessel was afloat in navigable waters at Havana, Cuba, on or about March 29, 1935.

Plaintiff is a native of Louisiana, and resides at 1120 Robin street, New Orleans, where he signed on said vessel on her outward voyage and was paid off upon her return to said port. Thereupon he was confined in the United States Marine Hospital at New Orleans, where he is still receiving treatment.

The complaint alleges the defendant is incorporated under the laws of the state of Delaware with principal office for the transaction of business in the city of New York, within the jurisdiction of this court, and submits a certificate from the Secretary of State of the state of New York, dated August 9, 1935, certifying that United Fruit Company, a New Jersey corporation, received authority to do business in the state of New York on September 21, 1899.

The moving affidavit of the attorney appearing specially for the defendant upon this motion alleges that the defendant is a New Jersey corporation and was not at the time of the institution of this suit, nor has it been at any time since, engaged in the transaction of business in the state of New York except such as pertains to foreign and interstate commerce and that he makes such affidavit for the reason that none of the executive officers of the defendant corporation are located within the state of New York. The statement is volunteered in defendant's brief that its "head office" is located in Boston, Mass.

The action is a suit under the Jones Act, § 33 (46 USCA § 688). Section

688 provides, in part: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply. * * * Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

It is not established that the principal office is in New York, N. Y. But plaintiff's counsel contend that this court has the discretionary power to entertain jurisdiction under section 225 of the New York General Corporation Law (Consol. Laws, c. 23), which provides:

"An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only: * * *

"4. Where a foreign corporation is doing business within this state."

■ Of course, this court will take judicial notice of the fact that the defendant is "doing business within this state" and within the jurisdiction of this court.

In Murnan v. Wabash Railway Co., 246 N. Y. 244, 158 N. E. 508, 509, 54 A. L. R. 1522, the Court of Appeals has said: "Although the rule prohibits a court of general jurisdiction from refusing to exercise its jurisdiction in its discretion, it has often been held that the courts of this state may refuse in their discretion to entertain jurisdiction over causes of action arising out of a tort committed in a sister state where both the plaintiff and defendant are nonresidents. Gregonis v. Philadelphia & Reading Coal & Iron Co., 235 N. Y. 152, 160, 139 N. E. 223, 32 A. L. R. 1."

In the instant case, the alleged accident did not occur in a sister state; neither did it occur in the state of New York.

That the rule is regarded as applicable only in tort cases is further indicated by what was said in Gregonis v. Philadelphia & Reading Coal & Iron Co., supra, 235 N. Y. 152, at page 159, 139 N. E. 223, 225, 32 A. L. R. 1: "In fact,

it has been held that the power to refuse to entertain jurisdiction of a tort action brought by a *nonresident* did not extend to actions on contract brought by a nonresident."

This court in Panstwowe Zaklady Graviozne v. Automobile Ins. Co., 36 F.(2d) 504, 506, Thacher, J., said:

"Coming, then, to the second ground urged in support of the contention that the state court did not have jurisdiction of the subject-matter, it appears that the defendant railroad company is engaged in interstate commerce, and that recovery is sought against it for loss of merchandise shipped under a bill of lading issued in Illinois, pursuant to which the merchandise was transported to Baltimore and there trans-shipped on board a vessel to a port in Europe. So far as appears, the transaction was in no way connected with this state, or with any agency of the defendant located here. True, the defendant does business here, and appeared generally in the state court, but prior to removal of the cause its motion to dismiss the complaint upon the ground that the court did not have jurisdiction of the subject of the action was presented in the state court. In terms, the state statute is broad enough to authorize this suit, but an application of the statute subjecting the defendant to the necessity of defending such claims in the courts of New York would impose upon its conduct of interstate commerce unreasonable burdens, and the statute so construed and applied would violate the commerce clause. [Citing cases.] The fact that the defendant railroad company is engaged in business in the state, and by doing business here has consented to be sued here, is no basis for the assertion of jurisdiction of actions by nonresidents which arise in other states and which are entirely disconnected with the business it does here. [Citing cases.] * * *

"It follows that the state court was without jurisdiction to entertain the cause of action, and removal of the cause from the state court cannot give jurisdiction when the state court had none."

■ Reference has been had to the opinion of Judge Thacher at length because it was felt that his arguments are entitled to weight in reaching the conclusion as to whether the discretion of this court should be exercised, as claimed by the plaintiff, under the provisions of sec-

tion 225 of the New York General Corporation Law.

Inasmuch as the steamship Metapan sails out of the port of New Orleans, it is logical to assume that for the convenience of witnesses, this case should be tried in New Orleans. The plaintiff resides there; the hospital records are there, and the defendant concedes in its moving papers the plaintiff's right to proceed in that jurisdiction. Of course, if he chooses, he may proceed in the district court of New Jersey or Massachusetts, but this court is not the proper forum.

Motion granted without costs. Settle order on two days' notice.