Peck, J.
The question on this appeal is whether the court ' should in the exercise of discretion decline jurisdiction of an action brought by a nonresident against nonresidents for dissolution of a Pennsylvania partnership.
The parties are all residents of Pennsylvania. The partnership business is manufacturing, bottling and merchandising soft drinks. The plants, real estate and other property of the partnership are all located in Pennsylvania and Pennsylvania is the locus of its operations. In March, 1943, plaintiff retired from the partnership and a final settlement was made between the parties. Plaintiff, in this action, seeks to set aside the settlement as having been fraudulently procured by the defendants. He also seeks a present dissolution of the partnership, an accounting of all partnership dealings, the appointment of a receiver, liquidation and distribution of the partnership assets.
Defendants addressed their motion, to dismiss the complaint, to the discretion of the court on two grounds: (1) that the action is a tort action and should not be entertained here on the accepted principle that our courts will not entertain tort actions, arising outside the State, between nonresidents, and (2) that the court in equity should refuse to entertain an action for the dissolution of a foreign partnership between nonresidents.
While the fraud aspect-of the action sounds in tort, the action in other aspects and basically is a commercial action and Special Term properly refused, to decline jurisdiction on the first ground urged by the defendants. The second ground, however, raises considerations which merit attention.
It is plaintiff’s contention that as the action is commercial in nature the court must accept jurisdiction (Wertheim v. Clergue, 53 App. Div. 122; Gregonis v. P. & R. Coal & Iron Co., 235 N. Y. *28 152, 159). Plaintiff dismisses the obvious difficulties in the way of the court directing the dissolution and liquidaton of a Pennsylvania partnership as being amenable to the power of the court.
While it is now settled that our courts will entertain common-law actions of a commercial nature between nonresidents, no decision has suggested that the court is without discretion to decline jurisdiction of actions between nonresidents which are of a nature or call for relief of a kind which makes it inconvenient or impractical for the court to act. The hospitality of our courts to nonresidents rests on comity and convenience (Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315, 324). • Thus, our courts are open to nonresidents in ordinary law actions for a money judgment, which are equally adaptable to our judicial process regardless of the residence of the parties. It is to be noted that every case called to our attention in which litigation between nonresidents has been entertained has been of this nature. This certainly does not mean that an action between nonresidents must be entertained when the forum is unsuitable to the accommodation of the parties and the subject of the litigation. (See Wedemann v. United States Trust Co., 258 N. Y. 315.)
Some discretion must exist in the equity court when it is called upon to grant.unusual relief and become involved in foreign matters. As Judge Gray said in Leslie v. Lorillard (110 N. Y. 519, 535-536): “ * * * in every case the exercise of jurisdiction in equity rests in the sound discretion of the court, and depends upon the special circumstances disclosed.” We must regard the special circumstances here and be governed by the practical considerations which underlie our policy of accepting foreign litigation.
Unlike an ordinary law action, or simple equity suit, the present action presents problems and difficulties of directing and overseeing the dissolution and liquidation of a foreign partnership. The appointment of a receiver of Pennsylvania property, which is part of the relief asked, is impossible. Other relief requested, relating to the partnership dissolution, liquidation and accounting, makes it impractical, although not impossible, for our court to act. The questionable efficacy of the court’s judgment in an action between nonresidents is a consideration permitting and requiring the exercise of discretion as to whether jurisdiction will be accepted (Wedemann v. United States Trust Co., supra). That discretion should be exercised in this case to decline jurisdiction of an action which is wholly unsuited to entertainment here and for the entertain *29 ment of which no reason appears except the unconvincing statement of plaintiff that he cannot get a fair trial in the courts of Pennsylvania.
The order, so far as appealed from, should be reversed, with $20 costs and disbursements to appellant, and the motion to dismiss the complaint granted.
Mastín, P. J., Glennon, Dose and Callahan, JJ., concur.
Order, so far as appealed from, unanimously reversed, with • $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted. Settle order on notice.