## NEAL et al. v. PENNSYLVANIA R. CO. et al.

District Court, S. D. New York.

Jan. 2, 1948.

William W. Heiberger, of New York City, for plaintiffs.

Willkie, Owen, Farr, Gallagher & Walton, of New York City, for defendants.

RYAN, District Judge.

Plaintiffs. husband and wife, sue to recover for injuries alleged to have been sustained by wife on June 12, 1947.

The complaint alleges that defendants, Pennsylvania Railroad Company and Seaboard Air Line Railroad Company, "were common carriers of passengers for hire and as such owned, operated, was in possession, did maintain and manage certain railroad trains running between the City of New York and The City of Camden, in the State of South Carolina," and that plaintiff wife "purchased a ticket from the defendant, Pennsylvania Railroad Company to the destination of the City of Camden in the State of South Carolina." It further alleges that "as the train in which plaintiff was riding was approaching her destination, * * * by reason of the negligence and carelessness of the defendants" and without fault on her part she was injured.

The action was commenced in the Supreme Court of the State of New York and was removed by defendants to this court because of diversity of citizenship.

Defendants move to dismiss the complaint on the ground of "forum non conveniens" and on the further ground that the Court lacks jurisdiction of the subject matter of the action—in that the prosecution of the action constitutes an undue burden on interstate commerce.

Plaintiffs are residents of Paterson, New Jersey. Defendant, Pennsylvania Railroad, is a Pennsylvania corporation and also transacts business in New York, New Jersey and Virginia. It does not carry on business in South Carolina. Defendant, Seaboard, is a Virginia corporation and also transacts business in South Carolina and New York. It does not carry on business in New Jersey.

■ Plaintiffs can obtain jurisdiction over both defendants by an action brought only in New York or Virginia.

"In all cases in which the doctrine of forum non conveniens comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055.

■ Here, plaintiffs' choice lies between New York and Virginia. They cannot sue Pennsylvania Railroad in South Carolina, where plaintiffs allege the injuries were received. Since this is so, it cannot be fairly said that plaintiffs by choosing New York as the forum—(within twenty-five miles of their residence)—"'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to" their "own right to pursue" their "remedy." Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at page 508, 67 S.Ct. at page 843, 91 L.Ed. 1055.

■ The forum of the locale of the injuries being closed to plaintiffs, there is no reason why they should be required to select the forum available to them nearest to South Carolina—Virginia—(which is about halfway between South Carolina and their home), when plaintiffs can sue both defendants in New York, close to their residence. For, as Mr. Justice Jackson observed, "While, even in the ordinary action, the residence of the suitor will not fix the proper forum without reference to other considerations, it is a fact of 'high significance.' International Milling Co. v. Columbia Transp. Co., 292 U.S. 511, 520, 54 S.Ct. 797, 799, 78 L.Ed. 1396." Koster v. American Lumbermen's Mut. Cas. Co., 330 U.S. 518, 525, 67 S.Ct. 828, 832, 91 L. Ed. 1067.

Defendants urge that the Federal rule on "forum non conveniens" is the same as the law of New York State and cite Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at page 509, 67 S.Ct. at page 843, 91 L.Ed. 1055: "The law of New York as to the discretion of a court to apply the doctrine of forum non conveniens, and as to the standards that guide discretion is, so far as here involved, the same as the federal rule. Murnan v. Wabash R. Co., 246 N.Y. 244, 158 N.E. 508, 54 A.L.R. 1522; Wedemann v. United States Trust Co., 258 N. Y. 315, 179 N.E. 712, 79 A.L.R. 1320; see Gregonis v. Philadelphia & Reading Coal & Iron Co., 235 N.Y. 152, 139 N.E. 223, 32 A.L.R. 1."

And, defendants continue that under the general rule of New York this action brought by a non-resident against non-residents should be dismissed, and they quote from Gregonis v. Philadelphia & Reading Co., supra, 235 N.Y. at page 160,

139 N.E. at page 226, 32 A.L.R. 1: "On the other hand, by a long line of authorities the courts have repeatedly refused in their discretion to entertain jurisdiction over causes of action arising out of a tort committed in a foreign state, where both the plaintiff and the defendant were non-residents. Pietraroia v. New Jersey & H. R. Ry. & Ferry Co., 197 N.Y. 434, 91 N.E. 120; Hoes v. New York, N. H. & H. R. Co., 173 N.Y. 435, 66 N.E. 119; Hutchinson v. Ward, 192 N.Y. 375, 85 N.E. 390, 127 Am.St.Rep. 909; Collard v. Beach, 81 App.Div. 582, 81 N.Y.S. 619; Zeikus v. Florida East Coast R. Co., 144 App.Div. 91, 128 N.Y.S. 933. The reason for this exception is stated in the cases, and the rule has been too firmly imbedded in our jurisprudence to justify modification without legislative action."

I do not conclude from a reading of Mr. Justice Jackson's words in *Gulf Oil Corp. v. Gilbert,* supra, that it was intended that the law of New York State as enunciated in *Gregonis v. Philadelphia and Reading Co.,* supra, should be accepted and applied in toto by the district courts. The opinion was worded to limit its application to matters "so far as here involved" in the Gulf Oil case. While the courts of New York State may in some instances close their courts to citizens of other states solely to · protect their own citizens and courts from undue burden and expense, the District Court of the United States may not arbitrarily or for similar reasons, deny citizens of any state the right of forum.

Defendant, Pennsylvania Railroad, also urges that it "is only a nominal party defendant," and that "In no event can the Pennsylvania Railroad Company be liable to the plaintiffs as a result of the accident alleged in the complaint."

Neither defendant has answered. The facts properly alleged in the complaint must be taken as true. Art Metal Const. Co. v. Lehigh Structural Steel Co., 3 Cir., 116 F.2d 57. It must also be assumed that the allegations of the complaint will be sustained by competent proof on the trial. These allegations make out a cause of action against both defendants

and the decision of one of my learned brothers in Morrison v. The Pennsylvania Railroad Company, unreported, decided on November 4, 1946, is not applicable.

Nor does the prosecution of this action constitute an undue burden on interstate commerce. Moss v. Atlantic Coast Line R. Co., 2 Cir., 157 F.2d, 1005.

Motion is denied.