Anthony M. Livoti, J.
The plaintiffs have been citizens and domiciliaries of Buenos Aires, Argentina. They have never been residents of New York State. The only reason for plaintiffs’ temporary stay in New York State was to obtain medical treatment for Mrs. De Ravel, one of the plaintiffs. Defendant is a foreign corporation organized and existing under the laws of the Republic of Italy and engaged in the ocean transportation of passengers and cargo for hire. The defendant owns no property in the United States and the extent of its business in New York consists of the transportation by steamship of passengers and cargo in and out of the port of the City of New York.
The passage of contract, out of which arose the relationship between the plaintiffs and defendant, was made and executed in Buenos Aires, Argentina. The plaintiffs boarded the defendant’s vessel S. S. Conte Grande for a voyage to Naples, Italy. The S. S. Conte Grande is engaged in commerce solely between South America and Italian ports. The alleged tort for which suit has been instituted occurred on the high seas between South America and Europe.
These facts clearly demonstrate this to be a suit between nonresidents of this State arising out of an alleged tort which occurred outside of the State. In such circumstance, the courts *372 of this State have repeatedly refused to accept jurisdiction of the case. (Gregonis v. Philadelphia & Reading Coal & Iron Co., 235 N. Y. 152, 160.)
Accordingly, the motion made by the defendant requesting this court to decline to entertain jurisdiction of this action is granted. Submit order.